1  ALISON M. TUCHER (CA SBN 171363)
   (Email: ATucher@mofo.com)
2  BROOKS M. BEARD (CA SBN 181271)
   (Email: BBeard@mofo.com)
3  JAMON L. BOLLOCK (CA SBN 221513)
   (Email: JBollock@mofo.com)
4  MORRISON & FOERSTER LLP
   425 Market Street, 32nd Floor
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Plaintiff
   HIGH SIERRA HIKERS ASSOCIATION
8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  HIGH SIERRA HIKERS ASSOCIATION,   CV 08. 1079

13                   Plaintiff,              **COMPLAINT FOR INJUNCTIVE
                                             AND DECLARATORY RELIEF**
14        v.

15  UNITED STATES DEPARTMENT OF THE
    INTERIOR, NATIONAL PARK SERVICE, and
16  SEQUOIA AND KINGS CANYON NATIONAL
    PARKS
17
                     Defendants.
18

19

20                    **NATURE OF THE COMPLAINT**

21        1.      Through this action, brought under the Freedom of Information Act ("FOIA"),

22  5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, Plaintiff

23  High Sierra Hikers Association seeks access to government records relating to the National Park

24  Service's issuance of a Record of Decision for the Final General Management Plan for Sequoia

25  and Kings Canyon National Parks.

26        2.      The records requested by the High Sierra Hikers Association are likely to

27  contribute significantly to public understanding of the operations or activities of the government,

28  in accordance with 43 C.F.R. § 2.19.

1    3.      The records requested by the High Sierra Hikers Association are also likely to

2    provide important information necessary to help it determine whether the National Park Service

3    complied with federal law in issuing the General Management Plan, as well as the adequacy of

4    the National Park Service's response to public comments during the review process, as mandated

5    by the National Environmental Policy Act and other federal environmental laws.

6    4.      The United States Department of the Interior, the National Park Service, and the

7    Sequoia and Kings Canyon National Parks violated FOIA's requirements by failing to provide the

8    requested records, necessitating the filing of this Complaint.

9                                     **JURISDICTION**

10    5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

11    and 28 U.S.C. § 1331.

12                                       **VENUE**

13    6.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because the

14    High Sierra Hikers Association's headquarters is located in Berkeley, California (which is

15    located within the Northern District of California), and, on information and belief, at least some

16    of the requested records are located in the National Park Services' Pacific West Region office

17    in Oakland, California (which is also located within the Northern District of California).

18                                      **PARTIES**

19    7.      Plaintiff High Sierra Hikers Association ("HSHA") is a non-profit organization

20    dedicated to improving management practices on federal lands in the Sierra Nevada mountain

21    range.

22    8.      HSHA's headquarters is located in Berkeley, California.

23    9.      Defendant United States Department of the Interior (the "Department") is an

24    agency of the federal government of the United States of America.

25    10.     Defendant National Park Service (the "Park Service") is an agency within the

26    Department and is responsible for managing all national parks in the United States, including the

27    Sequoia and Kings Canyon National Parks.

28

                                            2
                                      **COMPLAINT**

1   11. The Park Service's Pacific West Region office ("Regional Office") is located in

2 Oakland, California.

3   12. Defendant Sequoia and Kings Canyon National Parks ("SEKI") is the

4 administrative branch of the Park Service responsible for managing Sequoia National Park and

5 Kings Canyon National Park.

6   13. SEKI's office is located in Ash Mountain, California, and its mailing address is

7 located in Three Rivers, California.

8           **RELEVANT FACTS**

9   14. On March 23, 2005, HSHA sent a FOIA request to the Freedom of Information

10 Act Officer at SEKI requesting records regarding the SEKI General Management Plan (the

11 "Plan") and the Park Service's planning process for developing the Plan.

12   15. A true and correct copy of this FOIA request is attached to this Complaint as

13 **Exhibit A**.

14   16. More specifically, HSHA sought the following five categories of documents in its

15 FOIA request:

16    a. all comments received by the Park Service in response to the Draft

17    Environmental Impact Statement for the SEKI Draft Plan, including all written

18    communications and all records of all oral communications;

19    b. any and all communications regarding the SEKI Plan and its planning process

20    received by the Park Service from commercial pack stock enterprises that operate

21    within SEKI;

22    c. any and all communications regarding the SEKI Plan and its planning process

23    received by the Park Service from the Backcountry Horsemen of California and the

24    Backcountry Horsemen of America, as well as any and all Park Service responses to

25    those communications;

26    d. any and all communications regarding the SEKI Plan and its planning process

27    received by the Park Service from elected officials, as well as any and all Park Service

28    responses to those communications; and

**COMPLAINT**
sf-2457673

1        e.   all internal Park Service communications regarding the Draft Environmental

2        Impact Statement and development of the Draft Plan that were created prior to

3        March 23, 2005.

4  (*See* Exhibit A at 1.)

5  17.  HSHA included a Justification for Fee Waiver with its March 23, 2005 FOIA

6  request. (*See* Exhibit A at 3-5.)

7  18.  On August 23, 2005, the Park Service's Regional Office denied HSHA's fee

8  waiver request.

9  19.  A true and correct copy of this denial is attached to this Complaint as **Exhibit B**.

10  20.  On September 30, 2005, HSHA appealed the Regional Office's denial of the fee

11  waiver request.

12  21.  A true and correct copy of this first appeal is attached to this Complaint as

13  **Exhibit C**.

14  22.  On November 1, 2005, the Department's FOIA Appeals Office resolved HSHA's

15  appeal in HSHA's favor.

16  23.  A true and correct copy of this determination is attached to this Complaint as

17  **Exhibit D**.

18  24.  At that time, the Department's FOIA Appeals Office directed the Regional Office

19  to proceed with processing HSHA's FOIA request. (*See* Exhibit D at 2.)

20  25.  On January 5, 2006, the Regional Office issued a partial "interim response" to

21  HSHA's FOIA request, which stated that documents responsive to HSHA's first four requests

22  would be mailed separately and that the Regional Office would complete its review of electronic

23  files responsive to HSHA's fifth request by February 15, 2006.

24  26.  A true and correct copy of this "interim response" is attached to this Complaint as

25  **Exhibit E**.

26  27.  On February 14, 2006, HSHA filed a second appeal requesting that the

27  Department's FOIA Appeals Office review the Regional Office's partial "interim response."

28

4

**COMPLAINT**

sf-2457673

1    28.    A true and correct copy of this second appeal is attached to this Complaint as

2    **Exhibit F**.

3    29.    In the second appeal, HSHA pointed out that the Regional Office had failed to

4    comply with FOIA's time constraints.  (*See* Exhibit F at 1.)

5    30.    HSHA also explained that the Regional Office failed to state whether the

6    documents sent to HSHA constituted all of the responsive records in the Park Service's files or

7    whether the Park Service intended to withhold any records.  (*See* Exhibit F at 1-2.)

8    31.    Additionally, HSHA stated in its second appeal that the records produced

9    pertained only to HSHA's first request, but that no documents responsive to the second, third, or

10    fourth requests were produced by the Regional Office.  (*See* Exhibit F at 2.)

11    32.    Finally, HSHA explained that having the Regional Office search electronic files —

12    as described in the "interim response" — was insufficient to satisfy the fifth request.  (*See*

13    Exhibit F at 2.)

14    33.    Subsequently, the Regional Office issued its "final response" to HSHA's FOIA

15    request in a letter dated February 23, 2006, but postmarked March 3, 2006.

16    34.    A true and correct copy of this "final response" is attached to this Complaint as

17    **Exhibit G.**

18    35.    A true and correct copy of the certified mail envelope, postmarked March 3, 2006,

19    is attached to this Complaint as **Exhibit H**.

20    36.    In this "final response," the Regional Office claimed that any remaining records

21    were being withheld pursuant to an exemption under 5 U.S.C. § 552(b)(5).  (*See* Exhibit G

22    at 1-2.)

23    37.    HSHA filed a third appeal to the Department's FOIA Appeals Office on March 31,

24    2006, in which it stated that the "final response" was inadequate and incomplete.

25    38.    A true and correct copy of this third appeal is attached to this Complaint as

26    **Exhibit I**.

27    39.    Again, HSHA pointed out that the Park Service did not respond within the time

28    constraints mandated by FOIA.  (*See* Exhibit I at 1-2.)

5

1    40.    As in its second appeal, HSHA also explained in its third appeal that the Regional

2    Office failed to comply with FOIA's requirement that the Park Service state whether the

3    documents sent to HSHA constitute all of the responsive records in the Park Service's files or

4    whether the Park Service intended to withhold any records. (*See* Exhibit I at 2.)

5    41.    In addition, HSHA indicated that the Regional Office failed to provide any

6    documents responsive to the second, third, or fourth requests and that the records provided in

7    response to the fifth request were not fully responsive because the Regional Office searched the

8    files of only two employees. (*See* Exhibit I at 2-3.)

9    42.    Finally, HSHA stated that the Regional Office failed to comply with FOIA by

10    refusing to provide reasonably segregable portions of withheld records. (*See* Exhibit I at 3.)

11    43.    On April 18, 2006, Darrell Strayhorn of the Department's FOIA Appeals Office

12    sent a letter to HSHA in which she acknowledged receipt of HSHA's second appeal, but found it

13    to be premature given that the Regional Office's response was merely "interim."

14    44.    A true and correct copy of that letter is attached to this Complaint as **Exhibit J**.

15    45.    On April 20, 2006, Ms. Strayhorn sent a letter to HSHA acknowledging receipt of

16    its third appeal, assigning an appeal number (2006-118), and stating that a decision on the appeal

17    would be reached within 20 days, as required by FOIA.

18    46.    A true and correct copy of that letter is attached to this Complaint as **Exhibit K**.

19    47.    On November 20, 2006, the Park Service published the proposed *Final General

20    Management Plan and Comprehensive River Management Plan/Final Environmental Impact

21    Statement for Sequoia and Kings Canyon National Parks and Middle and South Forks of the

22    Kings River and North Fork of the Kern River* in the Federal Register (Vol. 71, No. 223,

23    Page 67158).

24    48.    HSHA did not hear back from the Department's FOIA Appeals Office regarding

25    its third appeal until February 26, 2007, when LaRima Lane of the Department's FOIA Appeals

26    Office left a voicemail message for HSHA inquiring whether it was still interested in pursuing its

27    third appeal.

28

1    49.    On February 27, 2007, HSHA informed Ms. Lane that HSHA still wished to

2  pursue its third appeal, in response to which Ms. Lane assured HSHA that the appeal would be

3  addressed within 20 days.

4    50.    HSHA did not receive a response, however, and on May 23, 2007, HSHA sent a

5  letter to Ms. Strayhorn summarizing the events described above and requesting a response.

6    51.    A true and correct copy of that letter is attached to this Complaint as **Exhibit L**.

7    52.    Six months later, having received no response from the Department's FOIA

8  Appeals Office, HSHA sent another letter to Ms. Strayhorn, dated December 4, 2007, in which

9  HSHA advised Ms. Strayhorn that the Department's failure to resolve HSHA's third appeal

10  violated FOIA and requested that HSHA's third appeal be resolved by December 21, 2007.

11    53.    A true and correct copy of that letter is attached to this Complaint as **Exhibit M**.

12    54.    On December 20, 2007, the Park Service published its Record of Decision for the

13  Plan in the Federal Register (Vol. 72, No. 244, Page 72374).

14    55.    To date, the Department has not resolved HSHA's third appeal or responded to

15  HSHA's May 23 or December 4, 2007 letters.

16    56.    On information and belief, HSHA contends that the Park Service's Plan for SEKI

17  likely violates federal law.

18    57.    On information and belief, to properly and completely evaluate the Record of

19  Decision and the extent to which it violates federal law, HSHA must have an opportunity to

20  review the records sought through its March 23, 2005 FOIA request.

21                        **CLAIMS FOR RELIEF**

22            **COUNT 1: FAILURE TO PRODUCE RECORDS**

23                    (In Violation of 5 U.S.C. § 552(a))

24                            (All Defendants)

25    58.    HSHA repeats the allegations set forth above as if stated fully herein.

26    59.    HSHA properly requested the records described above from the Department, Park

27  Service, and SEKI, in compliance with the requirements of 5 U.S.C. § 552 and 43 C.F.R.

28  §§ 2.7-2.11.

                                7

1    60.    The records requested by HSHA were under the custody and/or control of the

2    Department, Park Service, and/or SEKI.

3    61.    The Department, Park Service, and SEKI failed to produce the requested records

4    within the 20-day timeframe required by FOIA in violation of 5 U.S.C. § 552(a)(6)(A)(i), and the

5    Department's internal FOIA regulations, 43 C.F.R. § 2.12.

6    62.    The Department, Park Service, and SEKI failed to comply with FOIA, 5 U.S.C.

7    § 552(a)(6)(A)(i), and the Department's internal FOIA regulations, 43 C.F.R. § 2.21, which

8    require an agency to state whether the documents sent to a requesting party constitute all of the

9    responsive records in an agency's files or whether the agency intends to withhold any records.

10    63.    The Department, Park Service, and SEKI failed to provide any records responsive

11    to HSHA's second, third, or fourth record requests in violation of 5 U.S.C. § 552(a)(3) and

12    43 C.F.R. § 2.21.

13    64.    The Department, Park Service, and SEKI failed to comply with FOIA in

14    responding to HSHA's fifth record request by failing to perform a proper search, in violation of

15    5 U.S.C. § 552(a)(3)(C) and 43 C.F.R. § 2.21, because Defendants only searched the files of two

16    individual employees.

17    65.    On information and belief, to the extent Defendants located documents responsive

18    to HSHA's fifth record request, Defendants improperly withheld those documents in violation of

19    5 U.S.C. § 552(a)(3) and 43 C.F.R. § 2.21 by improperly invoking an exception under 5 U.S.C.

20    § 552(b)(5).

21    66.    The Department, Park Service, and SEKI violated 5 U.S.C. § 552(b) and 43 C.F.R.

22    § 2.21 by refusing to provide reasonably segregable portions of responsive records.

23    67.    Therefore, the Department, Park Service, and SEKI violated their duty to produce

24    records in response to HSHA's proper FOIA request, in contravention of 5 U.S.C.

25    §§ 552(a)(3),(6)(A).

26    ///

27    ///

28    ///

8

1        **COUNT 2: FAILURE TO COMPLY WITH THE DEADLINE**

2                    **TO PRODUCE RECORDS**

3                (In Violation of 5 U.S.C. § 552(a))

4                         (All Defendants)

5        68.    HSHA repeats the allegations set forth above as if stated fully herein.

6        69.    On November 1, 2005, the Department's FOIA Appeals Office resolved HSHA's

7    first appeal in HSHA's favor and directed the Park Service to proceed with processing HSHA's

8    FOIA request.

9        70.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 43 C.F.R. § 2.12, the Park Service had

10    20 days to process HSHA's FOIA request and produce the requested records.

11        71.    At no time did Defendants assert the existence of any "unusual circumstances"

12    related to the request that would allow an extension pursuant to 5 U.S.C. § 552(a)(6)(B).

13        72.    At no time did Defendants provide HSHA with the written notice required to

14    invoke the "unusual circumstances" basis for an extension under 5 U.S.C. § 552(a)(6)(B).

15        73.    There are no "unusual circumstances" within the meaning of 5 U.S.C.

16    § 552(a)(6)(B) that apply to Defendants' processing of HSHA's FOIA request.

17        74.    Defendants did not respond until January 5, 2006, when the Park Service issued a

18    partial "interim response" to HSHA's FOIA request.

19        75.    In its partial "interim response," the Park Service stated that it would issue a "final

20    response" on February 15, 2006.

21        76.    Defendants did not issue a "final response" until March 3, 2006.

22        77.    Moreover, the "final response" was inadequate, incomplete, and legally

23    insufficient.

24        78.    The Department, Park Service, and SEKI failed to produce the requested records

25    within the 20-day timeframe required by FOIA in violation of  5 U.S.C. § 552(a)(6)(A)(i), and

26    the Department's internal FOIA regulations, 43 C.F.R. § 2.12.

27        ///

28        ///

**COMPLAINT**

sf-2457673

1       **COUNT 3: FAILURE TO RESPOND PROPERLY**

2                (In Violation of 5 U.S.C. § 552(a))

3                        (All Defendants)

4       79.    HSHA repeats the allegations set forth above as if stated fully herein.

5       80.    In the partial "interim response" of January 5, 2006, Defendants failed to state

6    whether the documents sent to HSHA constituted all of the responsive records in the Park

7    Service's files or whether the Park Service intended to withhold any records.

8       81.    In the "final response" of March 3, 2006, Defendants failed to state whether the

9    documents sent to HSHA constitute all of the responsive records in the Park Service's files or

10   whether the Park Service intended to withhold any records.

11      82.    The Department, Park Service, and SEKI failed to comply with FOIA, 5 U.S.C.

12   § 552(a)(6)(A)(i), and the Department's internal FOIA regulations, 43 C.F.R. § 2.21, which

13   require an agency to state whether the documents sent to a requesting party constitute all of the

14   responsive records in an agency's files or whether the agency intends to withhold any records.

15      **COUNT 4: FAILURE TO RESPOND TO APPEAL**

16               (In Violation of 5 U.S.C. § 552(a))

17                       (All Defendants)

18      83.    HSHA repeats the allegations set forth above as if stated fully herein.

19      84.    HSHA filed its third appeal to the Department's FOIA Appeals Office on

20   March 31, 2006, in which it stated that the Park Service's "final response" was inadequate and

21   incomplete.

22      85.    The Department acknowledged receipt of HSHA's third appeal on April 20, 2006,

23   at which time it assigned an appeal number (2006-118) and stated that a decision on the appeal

24   would be reached within 20 days, as required by 5 U.S.C. § 552(a)(6)(A)(ii) and 43 C.F.R. § 2.32.

25      86.    As of the date of the filing of this Complaint, the Department has not responded to

26   HSHA's third appeal, in violation of 5 U.S.C. § 552(a)(6)(A)(ii) and 43 C.F.R. § 2.32.

27      ///

28      ///

**COMPLAINT**

sf-2457673

1    **COUNT 5: FAILURE TO COMPLY WITH THE DEADLINE**

2    **TO RESPOND TO APPEAL**

3    (In Violation of 5 U.S.C. § 552(a))

4    (All Defendants)

5        87.    HSHA repeats the allegations set forth above as if stated fully herein.

6        88.    HSHA filed its third appeal to the Department's FOIA Appeals Office on

7    March 31, 2006.

8        89.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 43 C.F.R. § 2.32, the Department had

9    20 days to respond to HSHA's third appeal.

10       90.    At no time did Defendants assert the existence of any "unusual circumstances"

11   related to the request that would allow an extension pursuant to 5 U.S.C. § 552(a)(6)(B).

12       91.    At no time did Defendants provide HSHA with the written notice required to

13   invoke the "unusual circumstances" basis for an extension under 5 U.S.C. § 552(a)(6)(B).

14       92.    There are no "unusual circumstances" within the meaning of 5 U.S.C.

15   § 552(a)(6)(B) that apply to Defendants' response to HSHA's third appeal.

16       93.    As of the date of the filing of this Complaint, Defendants have not responded to

17   HSHA's third appeal.

18       94.    The Department, Park Service, and SEKI failed to respond to HSHA's third appeal

19   within the 20-day timeframe required by FOIA in violation of 5 U.S.C. § 552(a)(6)(A)(i) and

20   43 C.F.R. § 2.32.

21   **COUNT 6: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

22   (In Violation of 5 U.S.C. § 706)

23   (All Defendants)

24       95.    HSHA repeats the allegations set forth above as if stated fully herein.

25       96.    By failing to produce the requested records, failing to respond properly, failing to

26   comply with deadlines, and failing to resolve HSHA's appeal, all in violation of FOIA, the

27   Department, Park Service, and SEKI have failed to act in an official capacity under color of legal

28   authority and have unlawfully withheld agency action.

11

1    97.    HSHA has been adversely affected and aggrieved by Defendants' failure to
2    comply with the mandates of FOIA.

3    98.    Defendants' failure to produce the requested records, respond properly, comply
4    with deadlines, and resolve HSHA's appeal have injured HSHA's interests in public oversight of
5    governmental operations and constitute violations of the Defendants' statutory duties under the
6    APA.

7    99.    HSHA has suffered a legal wrong as a result of the Defendants' failure to comply
8    with the mandates of FOIA.

9    100.    Defendants' failure to produce the requested records constitutes agency action
10   unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA,
11   5 U.S.C. § 706(1).

12   101.    Defendants' failure to respond properly constitutes agency action unlawfully
13   withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C.
14   § 706(1).

15   102.    The Department's failure to resolve HSHA's appeal constitutes agency action
16   unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA,
17   5 U.S.C. § 706(1).

18   103.    Defendants' failure to comply with deadlines constitutes agency action unlawfully
19   withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C.
20   § 706(1).

21   104.    Alternatively, Defendants' failure to produce the requested records violates
22   FOIA's statutory mandates and is arbitrary, capricious, an abuse of discretion, and not in
23   accordance with the law, and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

24   105.    Defendants' failure to respond properly violates FOIA's statutory mandates and is
25   arbitrary, capricious, an abuse of discretion, and not in accordance with the law, and is therefore
26   actionable pursuant to the APA, 5 U.S.C. § 706(2).

27   ///
28   ///

12

**COMPLAINT**

1     106.    The Department's failure to resole HSHA's appeal violates FOIA's statutory

2     mandates and is arbitrary, capricious, an abuse of discretion, and not in accordance with the law,

3     and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

4     107.    Defendants' failure to comply with deadlines violates FOIA's statutory mandates

5     and is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, and is

6     therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

7     108.    HSHA is entitled to judicial review under the APA, 5 U.S.C. §§ 702,706.

8     109.    HSHA is entitled to costs of disbursements and costs of litigation, including

9     reasonable attorneys' and experts' fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

10                                  **RELIEF REQUESTED**

11          WHEREFORE, Plaintiff HSHA respectfully requests that this Court:

12    A.    declare pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(B) that Defendants'

13    failure to disclose the records requested by HSHA is unlawful under FOIA;

14    B.    declare pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(B) that Defendants'

15    failure to respond properly to HSHA's FOIA request is unlawful under FOIA;

16    C.    declare pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(B) that Defendants'

17    failure to comply with deadlines mandated by FOIA is unlawful under FOIA;

18    D.    declare pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(B) that the

19    Department's failure to timely respond to HSHA's appeal is unlawful under FOIA;

20    G.    declare pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(B) that Defendants'

21    failure to comply with the mandates of FOIA violates the APA, 5 U.S.C. § 706;

22    H.    issue an injunction pursuant to 5 U.S.C. § 552(a)(4)(B) requiring Defendants to

23    produce all records responsive to HSHA's FOIA request on a schedule set forth by the Court;

24    I.    issue an injunction preventing Defendants from destroying any records related to

25    the General Management Plan or otherwise within the scope of HSHA's FOIA request;

26    J.    award HSHA its costs and reasonable attorneys' and experts' fees pursuant to

27    5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, in amount to be proved at trial; and

28    ///

1       K.      grant such other and further relief as this Court may deem just and proper.

2    Respectfully submitted,

3

4    Dated: February 22, 2008                    ALISON M. TUCHER
                                                  BROOKS M. BEARD
                                                  JAMON L. BOLLOCK
5                                                 MORRISON & FOERSTER LLP

6

7                                                 By:    Brooks M. Beard

8                                                      Brooks M. Beard

9                                                 Attorneys for Plaintiff
                                                  HIGH SIERRA HIKERS ASSOCIATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**COMPLAINT**

**EXHIBIT A**



**HIGH SIERRA HIKERS ASSOCIATION**

PO Box 8920, South Lake Tahoe, CA 96158

March 23, 2005

USDI National Park Service
Attn: Freedom of Information Act Officer
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271

SUBJECT: FREEDOM OF INFORMATION ACT REQUEST

Dear Freedom of Information Act Officer:

The High Sierra Hikers Association (HSHA) is a nonprofit public benefit organization that requests, pursuant to the Freedom of Information Act, copies of the following:

1.    all comments received by the National Park Service (NPS) in response to the Draft Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General Management Plan (DGMP). This request should be construed broadly to include without limitation written communications (including but not limited to letters, electronic mail messages, and any exhibits and attachments thereto) and records of oral communications (including but not limited to transcripts of oral comments received at public meetings or hearings, and logs of individual communications made in person and by telephone) that include comments on the DEIS; and

2.    any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI; and

3.    any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications; and

4.    any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications; and

5.    all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter.

The release of this information would contribute significantly to public understanding of the operations and activities of the government. I am not seeking this information for commercial

purposes, and I will not sell this information. I request that this information be provided free of charge, pursuant to the Freedom of Information Act (FOIA), the Department of Interior's regulations implementing the FOIA, and the Council on Environmental Quality's regulations implementing the National Environmental Policy Act (NEPA). (5 U.S.C. Section 552(a)(4)(A)(iii); 43 CFR Section 2.19; 43 CFR Part 2, Appendix D; 40 CFR Section 1506.6(f)).

Because the comments on the DEIS should already be compiled in one place, it should not be time-consuming or expensive to assemble the requested materials. Again, we request a full fee waiver as allowed by the FOIA and the NEPA. If you anticipate any charge(s), please contact me so that I may confirm, amend, or withdraw my request before you process it and send me a bill. I do not authorize any charges for this information. Additional information supporting our request for a fee waiver is enclosed. If you deny all or any part of this request, please cite each specific document that you believe is exempt, and the exemption you believe justifies your refusal to release the information, and notify me of any appeal procedures available under the law.

As required under the Freedom of Information Act, I look forward to your response within 20 (twenty) working days. Thank you in advance for your attention to this request.

Sincerely yours,

Peter Browning

Enclosure: Justification for Fee Waiver

**Justification for Fee Waiver**
**Responses to DOI Fee Waiver Criteria (43 CFR Part 2, Appendix D)**

**(a) Statutory requirement for granting a fee waiver:**

(1) The requested information is likely to contribute significantly to public understanding of the operations and activities of the Government. As detailed below, the requested information will contribute significantly to public understanding of the operations and activities of the Government.

(2) The requested information is not primarily in the commercial interest of the requester. As detailed below, the High Sierra Hikers Association (HSHA) has no commercial interest whatsoever in the requested information.

**(b) Specific responses to DOI criteria for granting a fee waiver:**

(1) How do the records concern the operations or activities of the Government? The requested information has been gathered by the USDI National Park Service (NPS), a Government agency, to ascertain public opinion about the General Management Plan (GMP) for Sequoia and Kings Canyon National Parks, and the Draft Environmental Impact Statement (DEIS) prepared for that plan. The requested records include the input of all respondents to the Government's DGMP/DEIS. The NPS will utilize the requested records as a basis for modifying its DEIS/DGMP.

(2) How will disclosure of the requested records likely contribute to public understanding of these operations and activities? See responses to criteria (i)–(iv), below.
(i) How are the contents of the records informative on the Department's or a bureau's operations and activities? Is there a logical connection between the content of the records and the operations or activities you are interested in? The requested records contain comments, criticisms and suggestions gathered by the NPS regarding its DEIS/DGMP, and other records directly related to the development of the GMP. The HSHA is interested in: (1) the process being used by the NPS to develop its GMP and accompanying EIS; (2) the substance of the comments, criticisms, and suggestions the NPS has received regarding its DGMP/DEIS, and the planning process for the GMP; and (3) to what extent the final decision is reflective of the comments, criticisms, and suggestions received by the Government. The records are directly connected to these interests, and to the HSHA's desire to inform the public-at-large about the comments received by the NPS and how the draft and final GMP are or are not correlated to public opinion and input received from certain interest groups and elected officials.
(ii) How will disclosure of the requested records contribute to the understanding of the public-at-large or a reasonably broad audience of persons interested in the subject? The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and to post its finding on its public website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California

media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor of California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter. The dissemination of this information by the HSHA will thus allow a broad audience to understand the comments, criticisms, and suggestions received or discussed by the Government regarding the DGMP/DEIS, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions.

(iii) How do your identity, vocation, qualifications, and expertise support how you plan to disclose the information to a reasonably broad audience of interested persons? The HSHA was founded in 1990, and since that time the HSHA has published a periodic newsletter that is circulated to about 2,000 persons. The HSHA's newsletter is also distributed free of charge to the public-at-large (i.e., to anyone who requests a copy.) The HSHA's members and a significant segment of the public-at-large are keenly interested in management issues at Sequoia-Kings Canyon National Parks (SEKI) and the GMP being developed for those Parks. In addition, the HSHA is in contact with numerous other conservation organizations that are interested in management issues at SEKI, and who are also interested in informing their members, and others, using the updates and analyses provided to them by the HSHA. Furthermore, the HSHA is viewed by the media as a key stakeholder in management issues regarding the High Sierra, and our guest editorials and letters-to-the-editor have been well received.

(iv) Do you have the ability and intention to disseminate the information to the general public or a reasonably broad audience of persons interested in the subject? Yes, see responses to A and B, below:

(A) How and to whom do you intend to disseminate the information? The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and at the HSHA's publicly available website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor to California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter.

(B) How do you plan to use the information to contribute to public understanding of the Government's operations and activities? The HSHA intends to review, synthesize, and summarize the records, and to disseminate its findings as detailed above. The dissemination of this information by the HSHA will allow a broad audience to understand the comments, criticisms, and suggestions received by the Government regarding SEKI's DGMP/DEIS and the process used to develop the GMP, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions. This will also inform a

broad audience not only about the GMP specifically, but also about on-going natural resource management issues at SEKI.

**(3)** If there is likely to be a contribution to public understanding, will release of the requested records contribute significantly to public understanding? Yes; see responses to criteria (i)–(iv), below.

**(i)** Is the information being disclosed new? Yes, this is new information assembled and created by the NPS in its effort to adopt new direction for management of recreation activities and natural resources at SEKI. The information is thus both new and very significant.

**(ii)** Does the information being disclosed confirm or clarify data which has been released previously? No such data has been released previously, and the requested records are unique. The information is therefore very significant.

**(iii)** How will disclosure increase the level of public understanding of the operations or activities of the Department or a bureau that existed prior to disclosure? The information will reveal, describe, and explain regulations and other actions taken by the NPS to manage recreational uses and natural resources at SEKI, and how those regulations and other management actions (i.e., operations and activities of the NPS) have affected, and will affect, natural resources and the experience of park visitors.

**(iv)** Is the information already publicly available? No. The Government has not previously published the information, and it is not routinely available to the public in any library, reading room, or over the Internet.

**(4)** Would disclosure be primarily in your commercial interest? No. As described below, the HSHA has no commercial interest whatsoever in the requested information.

**(i)** Do you have a commercial interest that would be furthered by disclosure? No. The HSHA has no commercial, trade, or profit interest in the requested information.

**(ii)** If you do have a commercial interest that would be furthered by disclosure, would disclosure be primarily in that interest? This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

**(iii)** How does your identity, vocation, and the circumstances surrounding your request relate to your commercial interest? This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

**(A)** If you are a representative of a news media organization seeking information as part of the news gathering process, we will presume that the public interest outweighs your commercial interest. This does not apply to our request. The HSHA is not a news media organization. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.

**(B)** If you represent a business/corporation/association, or you are an attorney representing such an organization, we will presume that your commercial interest outweighs the public interest unless you demonstrate otherwise. This does not apply to our request. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.

**EXHIBIT  B**



# United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807

IN REPLY REFER TO:
A7221(PWR-C)

**AUG 2 3 2005**

Mr. Peter Browning
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your June 23, 2005, request for a fee waiver for a Freedom of Information Act (FOIA) request to Sequoia and Kings Canyon National Park.

You seek:

1. "all comments received by the NPS in response to the Draft Environmental Impact Statement for the Sequoia and Kings Canyon Draft General Management Plan. ..
2. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI...
3. "any and all communications regarding the SEKI SMP and GMP planning process received by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications...
4. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications...
5. "all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

You clarified your request for item 5 in a May 13, 2005, email, saying that you seek to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the process until May 13 or whenever the search begins. You seek records between federal employees discussing any subject matter contained or modified or not included in the draft or final GMP.

Our regulations (43 CFR 2.19 (b)) provide for bureaus to waive fees if disclosure of all or part of the information is in the public interest because its release (1) is likely to contribute significantly to public understanding of the operations or activities of the Government; and (2) is not primarily in the commercial interest of the requester.

The park has worked on a draft plan for about 10 years. We have no doubt of the veracity of the existence of 8,390 pages, probably mostly email, quoted to you by the park superintendent in his several letters and fee waiver denial. The park has produced numerous public mailings and newsletters on the planning process.

You have shown no evidence of what additional steps you plan to take to guarantee that providing any records to your group will significantly contribute to the public understanding of the operations or



activities of the Government beyond that which the park has taken over the course of the past ten years. We cannot in good conscience pull limited staff off the work of the plan to search for the records unless you are able to pay for some of the search and production costs. Your fee waiver request is denied.

The estimated costs are as follows:
Hours of Search:
Items 1 –4 = 65 hours of professional search time @ \$33.80 hour, less two hours free search time = \$2,129.40
Item 5 = 80 hours of managerial search time @ \$49/ hour = \$3,920.00

Estimated pages
Items 1-4 = 890 @ 13 cents/page, less 100 free pages = \$102.70
Items 5 = 7,500 @ 13 cents/page = \$975

Estimated total = \$7,127.10

We also would suggest that since the planning process is ongoing, it is likely that many of the documents are predecisional and would be withheld under exemption 5. You would be in a position of paying for a records search and possibly not receiving the records.

In addition to myself, FOIA Officer Holly Bundock, who can be reached at 510-817-1320, and Field Solicitor Barbara Goodyear, participated in this decision.

You have the right to appeal this decision by writing to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, DC 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter (Saturday, Sunday, and public holidays excepted). A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter.

Sincerely,

*Patricia L. Neubacher*

Jonathan B. Jarvis
Regional Director, Pacific West Region

**EXHIBIT  C**



# HIGH
# SIERRA
# HIKERS
# ASSOCIATION

PO BOX 8920  SO. LAKE TAHOE  CA  96158

September 30, 2005

Freedom of Information Act Appeals Officer
U.S. Department of the Interior
MS-7456, MIB
1849 C Street NW
Washington, D.C. 20240

## SUBJECT:  FREEDOM OF INFORMATION ACT APPEAL

Dear Freedom of Information Act Appeals Officer:

This is an appeal under the Freedom of Information Act. This letter is to appeal, pursuant
to 43 CFR Section 2.28, the August 23, 2005, decision by the USDI National Park
Service, Pacific West Region, to deny a fee waiver requested under the Freedom of
Information Act and the regulations thereto (FOIA) by the nonprofit High Sierra Hikers
Association (HSHA).

The HSHA is a registered nonprofit organization recognized and approved by the Internal
Revenue Service, the California Franchise Tax Board, the California Secretary of State,
and the California Attorney General. On March 23, 2005, the HSHA requested pursuant
to the FOIA certain specified information from the USDI-National Park Service, Sequoia
and Kings Canyon National Parks (SEKI), located in Three Rivers, California. (A copy of
the March 2005 FOIA request and all subsequent correspondence is enclosed.) The
HSHA's FOIA request included a request that all search and copying fees be waived, as
provided in the FOIA. The HSHA's March 2005 FOIA request included a detailed
"Justification for Fee Waiver" that is responsive to each of the Department of Interior's
(DOI's) fee waiver criteria.

The HSHA waited patiently—for five months—while the National Park Service
considered its fee waiver request. On August 23, 2005, the National Park Service, Pacific
West Region (NPS), denied the HSHA's request for a fee waiver. The decision by the
NPS to deny the HSHA's fee waiver request is in error, for the following reasons:

1.  The HSHA provided a "Justification for Fee Waiver" that was very detailed and that provides ample information to support a full fee waiver under the FOIA.

2.  The NPS's denial of the HSHA's fee waiver request failed to address any of the points raised in the HSHA's Justification for Fee Waiver.

3.  The NPS imposed a higher burden on the HSHA than is permitted under the FOIA.

4.  The NPS's casual denial of the HSHA's fee waiver request does not comply with subsection (c) of 43 CFR Section 2.19, which requires "a full explanation" of why the NPS believes the request did not meet the DOI's fee waiver criteria.

5.  The NPS appears to have denied the HSHA's fee waiver request largely because the NPS does not want to expend staff time searching for and copying the requested information. This is not a permissible reason under the FOIA to deny the HSHA's request for a fee waiver.

6.  The NPS's denial letter contains other erroneous information.

Each of these issues is discussed in detail, below:

**Issue #1: The HSHA provided a "Justification for Fee Waiver" that was very detailed and that provides ample information to support a full fee waiver under the FOIA.**

A copy of the Justification for Fee Waiver is enclosed. The Justification for Fee Waiver responds in detail to each of the DOI's fee waiver criteria. As discussed below, the NPS has not disputed any portion of the Justification for Fee Waiver.

43 CFR Section 2.19(b) provides that:

> "Bureaus will waive fees (in whole or in part) if disclosure of all or part of the information is in the public interest because its release (1) Is likely to contribute significantly to public understanding of the operations or activities of the Government; and (2) Is not primarily in the commercial interest of the requester."

The HSHA's Justification for Fee Waiver documents that the HSHA has no commercial interest whatsoever in the requested information, and it provides numerous details about how the information is likely to contribute significantly to public understanding of the operations or activities of the Government.

The Justification for Fee Waiver responds to each of the DOI's fee waiver criteria, and provides many details about how the requested records concern the operations or activities of the Government, how the disclosure of the requested records will contribute to public understanding of these operations or activities, how the HSHA is capable of disclosing the information to a reasonably broad audience of interested persons, how the HSHA would disseminate the information to contribute to public understanding of the Government's operations and activities, and how the requested information is both new and significant.

**Issue #2: The NPS's denial of the HSHA's fee waiver request failed to address any of the points raised in the HSHA's Justification for Fee Waiver.**

The NPS's primary reason for denying the fee waiver request was erroneous and improperly simplistic. The NPS stated simply that: *"You have shown no evidence of what additional steps you plan to take to guarantee that providing any records to your group will significantly contribute to the public understanding of the operations or activities of the Government beyond that which the park has taken over the course of the past ten years."*

This is the only statement justifying the denial of the fee waiver, and it does not actually address any of the specific points raised in the HSHA's Justification for Fee Waiver. Therefore, we are left to conclude that the NPS does not dispute any of the information in the Justification for Fee Waiver.

As required by 43 CFR Section 2.19 and Appendix D to 43 CFR Part 2, HSHA's Justification for Fee Waiver described specific actions that the HSHA would take to contribute significantly to the public understanding of the operations or activities of the Government. These specific actions included, but are not limited to, synthesizing the comments and criticisms (from all sources) on SEKI's Draft General Management Plan (DGMP), publishing that synthesis, and further providing various syntheses to media outlets. For example, one specific interest of the HSHA is to determine and make publicly available information regarding the extent to which elected officials commented on the DGMP and affected its outcome. Another specific interest of the HSHA is to determine and make publicly available information regarding the extent to which commercial enterprises commented on the DGMP and affected its outcome. The NPS has not done these things, and it is therefore erroneous for the NPS to claim that the HSHA has shown no evidence that it will take steps beyond that which SEKI has already taken.

**Issue #3.  The NPS imposed a higher burden on the HSHA than is permitted under the FOIA.**

The NPS's reason for denying the fee waiver request improperly imposed an arbitrary standard on the HSHA. The NPS stated that: *"You have shown no evidence of what additional steps you plan to take to __guarantee__ that providing any records to your group will significantly contribute to the public understanding of the operations or activities of the Government beyond that which the park has taken over the course of the past ten years."* (emphasis added)

The requirement under 43 CFR Section 2.19(b) is that the disclosure of the requested information is "likely" to contribute significantly to the public understanding of the operations or activities of the Government. There is no requirement that persons requesting fee waivers must "guarantee" anything. The NPS has improperly created its own standard, and one that is arbitrary and may be essentially impossible to achieve.

The detailed information contained in the HSHA's Justification for Fee Waiver clearly indicates that the release of the requested information is likely to contribute significantly to the public understanding of the operations or activities of the Government. A fair reading of the HSHA's fee waiver request, using the proper criteria, would reach this conclusion.

**Issue #4.  The NPS's casual denial of the HSHA's fee waiver request does not comply with subsection (c) of 43 CFR Section 2.19, which requires "a full explanation" of why the NPS believes the request did not meet the DOI's fee waiver criteria.**

43 CFR Section 2.19(c) requires, in part, that:

> "If a bureau denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for the denial, including a full explanation of why your fee waiver request did not meet DOI's fee waiver criteria..."

In contrast, in an attempt to justify its denial of the HSHA's fee waiver request, the NPS provided only a single sentence related to the DOI's fee waiver criteria:

> "You have shown no evidence of what additional steps you plan to take to guarantee that providing any records to your group will significantly contribute to the public understanding of the operations or activities of the Government beyond that which the park has taken over the course of the past ten years."

The NPS's one-sentence justification for denying the fee waiver request clearly does not comply with the requirement to provide a "full explanation." Rather than providing a full explanation, the NPS's denial letter makes a conclusory statement based on an impermissible standard (i.e., "guarantee" vs. "likely").

**Issue #5. The NPS appears to have denied the HSHA's fee waiver request largely because the NPS does not want to expend staff time searching for and copying the requested information. This is not a permissible reason under the FOIA to deny the HSHA's request for a fee waiver.**

It appears from statements in the NPS's August 23 denial letter that the NPS simply does not want to spend the time to search for and copy the requested information. The NPS's denial letter states:

> "We cannot in good conscience pull limited staff off the work of the plan to search for the records unless you are able to pay for some of the search and production costs. Your fee waiver request is denied."

The fact that the NPS does not want to search for and copy the requested information is irrelevant. The HSHA has met all of the relevant criteria for a full fee waiver, and the NPS should respond accordingly—by granting a fee waiver and proceeding to provide the requested information in a timely manner.

**Issue #6. The NPS's denial letter contains other erroneous information.**

The NPS's August 23 letter denying the HSHA's fee waiver request says that the SEKI superintendent issued a "fee waiver denial." This is not true. The SEKI superintendent never made any determination on the HSHA's fee waiver request. In fact, SEKI staff wrote to the HSHA that: *"At the park level, we are not authorized to approve a fee waiver over $25.00 nor are we authorized to deny any fee waiver request."* SEKI also refused to identify who within the National Park Service was authorized to make determinations regarding such fee waivers, and likewise refused to forward the HSHA's fee waiver request to those within the agency who are authorized to make the determination. This is why the HSHA then asked the NPS Regional Office to make a determination on the fee waiver request. The record shows clearly that: (1) SEKI never denied (or made any determination on) the HSHA's fee waiver request; and (2) The HSHA made repeated efforts to obtain a determination by SEKI before elevating the issue to the NPS Pacific West Regional Office.

Freedom of Information Act Appeals Officer, page 6 of 6

**Conclusion**

Based on the record in this matter, including the original FOIA request, the Justification for Fee Waiver, the follow-up correspondence, and the reasons provided in this appeal, it is clear that the NPS's denial of the HSHA's fee waiver request is in error. We respectfully request that the DOI Appeals Officer reverse the NPS's erroneous decision, grant the HSHA's fee waiver request in full, and instruct the NPS to provide the requested information without further delay.

Because the HSHA has been unfairly prejudiced in this matter by the long delays in NPS responses, we would appreciate a reply at your earliest convenience.

If you have any questions regarding this appeal, please contact me at the letterhead address, or via e-mail at president@highsierrahikers.org, or via telephone at (925) 283-3184.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association

Attachments: All related correspondence, as follows:

March 23, 2005, letter (FOIA request) from HSHA to SEKI (2 pp.), plus enclosure
(Justification for Fee Waiver) (3 pp.)
April 18, 2005, letter from SEKI to HSHA (2 pp.)
May 13, 2005, e-mail from HSHA to SEKI (3 pp.)
May 16, 2005, e-mail from SEKI to HSHA (4 pp.)
May 16, 2005, letter from SEKI to HSHA (2 pp.)
May 31, 2005, e-mail from HSHA to SEKI (4 pp.)
June 6, 2005, letter from SEKI to HSHA (2 pp.)
June 23, 2005, letter from HSHA to NPS-Pacific West Region (2 pp.)
June 26, 2005, e-mail from HSHA to SEKI (1 p.)
August 10, 2005, e-mail from HSHA to NPS-Pacific West Region (1 p.)
August 15, 2005, e-mail from HSHA to NPS-Pacific West Region (1 p.)
August 16, 2005, e-mail from NPS-Pacific West Region to HSHA (1 p.)
August 23, 2005, letter from NPS-Pacific West Region to HSHA (2 pp.)
September 1, 2005 (00:14), e-mail from HSHA to NPS-Pacific West Region (1 p.)
September 1, 2005, e-mail from NPS-Pacific West Region to HSHA (2 pp.)
September 1, 2005 (09:09), e-mail from HSHA to NPS-Pacific West Region (1 p.)
September 2, 2005, letter from NPS-Pacific West Region to HSHA (27 pp.)





Home | About UPS | Contact UPS | Getting Started @ UPS.com

**UPS Uni**

| Tracking | |

Tracking

Log-In  User ID: _____  Password: _____  → | Forgot Password

## Tracking

→ **Track by Tracking Number**
  › Track by E-mail
  › Import Tracking
    Numbers 🔒
→ Track by Reference Number
→ Track by Freight Tracking
    Number
→ Track by Freight Shipment
    Reference
→ Track with Quantum View
→ Sign Up for Signature
    Tracking 🔒
→ Void a Shipment 🔒
→ Help



# |||||| Track by Tracking Number

### View Details

| | |
|---|---|
| **Status:** | Delivered |
| **Delivered on:** | Oct 3, 2005 2:22 P.M. |
| **Signed by:** | CLARK |
| **Location:** | OFFICE |
| **Delivered to:** | US |

| | |
|---|---|
| **Tracking Number:** | J140 0343 472 |
| **Service Type:** | NEXT DAY AIR |

### Package Progress:

| Date/Time | Location | Activity |
|---|---|---|
| Oct 3, 2005 | | |
| 2:22 P.M. | LANDOVER, DC, US | DELIVERY |
| 2:22 P.M. | LANDOVER, DC, US | PKG DELAY-ADD'L SECURITY CHECK BY GOV'T OR OTHER AGENCY- BEYOND UPS CONTROL |
| Oct 1, 2005 | | |
| 7:45 A.M. | LINTHICUM, MD, US | DEPARTURE SCAN |
| 7:08 A.M. | LINTHICUM, MD, US | ARRIVAL SCAN |
| 5:36 A.M. | LOUISVILLE, KY, US | DEPARTURE SCAN |
| 2:47 A.M. | LOUISVILLE, KY, US | ARRIVAL SCAN |
| 2:45 A.M. | LOUISVILLE, KY, US | A LATE AIRPLANE CAUSED THIS DELAY |
| Sep 30, 2005 | | |
| 7:46 P.M. | OAKLAND, CA, US | DEPARTURE SCAN |
| 6:25 P.M. | OAKLAND, CA, US | ARRIVAL SCAN |
| 6:11 P.M. | SAN PABLO, CA, US | DEPARTURE SCAN |
| 5:42 P.M. | SAN PABLO, CA, US | ORIGIN SCAN |
| 4:25 P.M. | SAN PABLO, CA, US | PICKUP SCAN |

Tracking results provided by UPS: Oct 3, 2005 3:58 P.M. Eastern Time (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tende you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a information is strictly prohibited.

← Back to Tracking Summary

Copyright © 1994-2005 United Parcel Service of America, Inc. All rights reserved.

http://wwwapps.ups.com/WebTracking/processRequest                    10/3/2005



# HIGH
# SIERRA
# HIKERS
# ASSOCIATION

PO Box 8920, South Lake Tahoe, CA 96158

March 23, 2005

USDI National Park Service
Attn: Freedom of Information Act Officer
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271

SUBJECT:  FREEDOM OF INFORMATION ACT REQUEST

Dear Freedom of Information Act Officer:

The High Sierra Hikers Association (HSHA) is a nonprofit public benefit organization that
requests, pursuant to the Freedom of Information Act, copies of the following:

1.    all comments received by the National Park Service (NPS) in response to the Draft
Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General
Management Plan (DGMP). This request should be construed broadly to include without
limitation written communications (including but not limited to letters, electronic mail
messages, and any exhibits and attachments thereto) and records of oral communications
(including but not limited to transcripts of oral comments received at public meetings or
hearings, and logs of individual communications made in person and by telephone) that
include comments on the DEIS; and

2.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from commercial packstock enterprises that operate within SEKI; and

3.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen
of America, and any and all NPS responses to those communications; and

4.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from elected officials, and any and all NPS responses to those communications; and

5.    all internal NPS communications regarding the DEIS and development of the DGMP that
were created prior to the date of this letter.

The release of this information would contribute significantly to public understanding of the
operations and activities of the government. I am not seeking this information for commercial

purposes, and I will not sell this information. I request that this information be provided free of charge, pursuant to the Freedom of Information Act (FOIA), the Department of Interior's regulations implementing the FOIA, and the Council on Environmental Quality's regulations implementing the National Environmental Policy Act (NEPA). (5 U.S.C. Section 552(a)(4)(A)(iii); 43 CFR Section 2.19; 43 CFR Part 2, Appendix D; 40 CFR Section 1506.6(f)).

Because the comments on the DEIS should already be compiled in one place, it should not be time-consuming or expensive to assemble the requested materials. Again, we request a full fee waiver as allowed by the FOIA and the NEPA. If you anticipate any charge(s), please contact me so that I may confirm, amend, or withdraw my request before you process it and send me a bill. I do not authorize any charges for this information. Additional information supporting our request for a fee waiver is enclosed. If you deny all or any part of this request, please cite each specific document that you believe is exempt, and the exemption you believe justifies your refusal to release the information, and notify me of any appeal procedures available under the law.

As required under the Freedom of Information Act, I look forward to your response within 20 (twenty) working days. Thank you in advance for your attention to this request.

Sincerely yours,

Peter Browning

Enclosure: Justification for Fee Waiver

**Justification for Fee Waiver**
**Responses to DOI Fee Waiver Criteria (43 CFR Part 2, Appendix D)**

**(a) Statutory requirement for granting a fee waiver:**

**(1)** The requested information is likely to contribute significantly to public understanding of the operations and activities of the Government. As detailed below, the requested information will contribute significantly to public understanding of the operations and activities of the Government.

**(2)** The requested information is not primarily in the commercial interest of the requester. As detailed below, the High Sierra Hikers Association (HSHA) has no commercial interest whatsoever in the requested information.

**(b) Specific responses to DOI criteria for granting a fee waiver:**

**(1)** How do the records concern the operations or activities of the Government? The requested information has been gathered by the USDI National Park Service (NPS), a Government agency, to ascertain public opinion about the General Management Plan (GMP) for Sequoia and Kings Canyon National Parks, and the Draft Environmental Impact Statement (DEIS) prepared for that plan. The requested records include the input of all respondents to the Government's DGMP/DEIS. The NPS will utilize the requested records as a basis for modifying its DEIS/DGMP.

**(2)** How will disclosure of the requested records likely contribute to public understanding of these operations and activities? See responses to criteria (i)–(iv), below.
  **(i)** How are the contents of the records informative on the Department's or a bureau's operations and activities? Is there a logical connection between the content of the records and the operations or activities you are interested in? The requested records contain comments, criticisms and suggestions gathered by the NPS regarding its DEIS/DGMP, and other records directly related to the development of the GMP. The HSHA is interested in: (1) the process being used by the NPS to develop its GMP and accompanying EIS; (2) the substance of the comments, criticisms, and suggestions the NPS has received regarding its DGMP/DEIS, and the planning process for the GMP; and (3) to what extent the final decision is reflective of the comments, criticisms, and suggestions received by the Government. The records are directly connected to these interests, and to the HSHA's desire to inform the public-at-large about the comments received by the NPS and how the draft and final GMP are or are not correlated to public opinion and input received from certain interest groups and elected officials.
  **(ii)** How will disclosure of the requested records contribute to the understanding of the public-at-large or a reasonably broad audience of persons interested in the subject? The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and to post its finding on its public website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California

media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor of California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter. The dissemination of this information by the HSHA will thus allow a broad audience to understand the comments, criticisms, and suggestions received or discussed by the Government regarding the DGMP/DEIS, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions.

**(iii)** How do your identity, vocation, qualifications, and expertise support how you plan to disclose the information to a reasonably broad audience of interested persons? The HSHA was founded in 1990, and since that time the HSHA has published a periodic newsletter that is circulated to about 2,000 persons. The HSHA's newsletter is also distributed free of charge to the public-at-large (i.e., to anyone who requests a copy.) The HSHA's members and a significant segment of the public-at-large are keenly interested in management issues at Sequoia-Kings Canyon National Parks (SEKI) and the GMP being developed for those Parks. In addition, the HSHA is in contact with numerous other conservation organizations that are interested in management issues at SEKI, and who are also interested in informing their members, and others, using the updates and analyses provided to them by the HSHA. Furthermore, the HSHA is viewed by the media as a key stakeholder in management issues regarding the High Sierra, and our guest editorials and letters-to-the-editor have been well received.

**(iv)** Do you have the ability and intention to disseminate the information to the general public or a reasonably broad audience of persons interested in the subject? Yes, see responses to A and B, below:

**(A)** How and to whom do you intend to disseminate the information? The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and at the HSHA's publicly available website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor to California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter.

**(B)** How do you plan to use the information to contribute to public understanding of the Government's operations and activities? The HSHA intends to review, synthesize, and summarize the records, and to disseminate its findings as detailed above. The dissemination of this information by the HSHA will allow a broad audience to understand the comments, criticisms, and suggestions received by the Government regarding SEKI's DGMP/DEIS and the process used to develop the GMP, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions. This will also inform a

broad audience not only about the GMP specifically, but also about on-going natural resource management issues at SEKI.

**(3) If there is likely to be a contribution to public understanding, will release of the requested records contribute significantly to public understanding?** Yes; see responses to criteria (i)–(iv), below.

**(i) Is the information being disclosed new?** Yes, this is new information assembled and created by the NPS in its effort to adopt new direction for management of recreation activities and natural resources at SEKI. The information is thus both new and very significant.

**(ii) Does the information being disclosed confirm or clarify data which has been released previously?** No such data has been released previously, and the requested records are unique. The information is therefore very significant.

**(iii) How will disclosure increase the level of public understanding of the operations or activities of the Department or a bureau that existed prior to disclosure?** The information will reveal, describe, and explain regulations and other actions taken by the NPS to manage recreational uses and natural resources at SEKI, and how those regulations and other management actions (i.e., operations and activities of the NPS) have affected, and will affect, natural resources and the experience of park visitors.

**(iv) Is the information already publicly available?** No. The Government has not previously published the information, and it is not routinely available to the public in any library, reading room, or over the Internet.

**(4) Would disclosure be primarily in your commercial interest?** No. As described below, the HSHA has no commercial interest whatsoever in the requested information.

**(i) Do you have a commercial interest that would be furthered by disclosure?** No. The HSHA has no commercial, trade, or profit interest in the requested information.

**(ii) If you do have a commercial interest that would be furthered by disclosure, would disclosure be primarily in that interest?** This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

**(iii) How does your identity, vocation, and the circumstances surrounding your request relate to your commercial interest?** This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

**(A) If you are a representative of a news media organization seeking information as part of the news gathering process, we will presume that the public interest outweighs your commercial interest.** This does not apply to our request. The HSHA is not a news media organization. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.

**(B) If you represent a business/corporation/association, or you are an attorney representing such an organization, we will presume that your commercial interest outweighs the public interest unless you demonstrate otherwise.** This does not apply to our request. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.



# United States Department of the Interior

NATIONAL PARK SERVICE
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271
(559) 565-3341

IN REPLY REFER TO:

A7221 (SEKI)

April 18, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your Freedom of Information Act (FOIA) request dated March 23, 2005, in which you seek:

"1. all comments received by the National Park Service (NPS) in response to the Draft Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General Management Plan (DGMP). This request should be construed broadly to include without limitation written communications (including but not limited to letters, electronic mail messages, and any exhibits and attachments thereto) and records of oral communications (including but not limited to transcripts of oral comments received at public meetings or hearings, and logs of individual communications made in person and by telephone) that include comments on the DEIS; and

2. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI; and

3. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications; and

4. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications; and

5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

We estimate 800 pages are responsive to item 1. About 90 pages are responsive to items 2,3, and 4. We charge .13 cents a copy or approximately \$116 for duplication costs for items 1 through 4. (The first one hundred copies in response to any FOIA are free.) It also will take approximately 65 hours of professional search time to locate records in item 2 – 4. Records in

item 1 are already assembled and will incur no search charge. We charge $49 per hour for records sought under items 2 – 4 because they are located in managerial files. Search time for items 1 through 4 of this FOIA is estimated at $3,136. (The first hour of search time in response to any FOIA is free.) Total cost of completing items 1 through 4 of this FOIA is $3,252.

In accordance with the Department of the Interior's FOIA regulations (43 CFR 2.28(a)), a FOIA requester must describe the records in sufficient detail to enable an employee familiar with the subject area of the request to locate the responsive records within a reasonable amount of effort. Your request does not meet this requirement in reference to item 5. Because of the broad and general nature of your request, we are unable to identify which records are being sought.

Please be as specific as possible concerning the type of documents you are requesting. If you know, please include the date, title or name, author, recipient, and subject matter of the records you are seeking. Additionally, please identify the geographical location and timeframe for which you are seeking records.

We will not proceed further with your request until we receive additional clarification from you on item 5 and receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches – all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

In accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Richard H. Martin
Superintendent

2

To: Dick_Martin@nps.gov, David_Graber@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Freedom of Information Act Request - reply to your letter of 4/18
Cc: Russ_Wilson@nps.gov, Gregg_Fauth@nps.gov, president@highsierrahikers.org
Bcc:
Attached:


***via electronic mail***
May 13, 2005

Richard H. Martin, Superintendent
David Graber, Senior Science Advisor
USDI National Park Service
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Superintendent Martin and Dr. Graber,

The High Sierra Hikers Association (HSHA) has received your April 18 response to our Freedom
of Information Act (FOIA) request dated March 23, 2005. This message responds to your April 18
letter (Reply Code A7221-SEKI).

First of all, I would like to make clear that the HSHA remains interested in pursuing this FOIA
request. We would like to receive all of the information requested, and we hereby amend our
request to include all requested records in the NPS's possession and control as of the date it
begins its search. (That is, we also request records created after the date of our original FOIA
request, including records created until the date of this letter [5/13/05] or the date that the NPS
begins its search, whichever is later.) In addition, this message addresses two other issues: (1)
our request for a full fee waiver; and (2) clarification regarding item #5 of our request.

Our FOIA request contained a request for a full fee waiver, and it included a detailed justification
to support a full fee waiver. However, your April 18 response does not in any way acknowledge
our request for a fee waiver. We believe that the HSHA is entitled to a full fee waiver, and we
further believe that it is inappropriate for the National Park Service (NPS) to insist on receiving
"written notification of willingness to pay," when the NPS has not acknowledged or made any
determination regarding our detailed request for a fee waiver.

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau
denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for
the denial, including a full explanation of why your fee waiver request did not meet DOI's fee
waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s)
and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the
Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed
within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A
to this part) under the procedures in Sec. 2.30."

Your April 18 letter does not acknowledge or make any findings related to our fee waiver request. It is thus clear that the NPS has not satisfied its obligations under 43 CFR 2.29(c), as referenced above.

At this time, we again respectfully request a full fee waiver, based on the supporting information provided in our original request. Specifically, we respectfully request that the NPS: (1) acknowledge receipt of this electronic mail message; (2) acknowledge receipt of our fee waiver request that accompanied our original FOIA request; (3) grant a full fee waiver for the requested information; and (4) confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination on our fee waiver request (including receipt of any and all information required by 43 CFR 2.29(c)).

Next, I will provide additional information regarding item #5 of our request. We would like to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP.

Because we believe that we are entitled to a full fee waiver, we do not authorize any charges for searching for or copying of the requested information. If you anticipate any charges, please provide the information required by 43 CFR 2.29(c).

In summary, I respectfully request that you: timely acknowledge receipt of this electronic mail message; acknowledge receipt of our fee waiver request; grant a full fee waiver for the requested information; and timely confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination regarding our fee waiver request (including any and all information required by 43 CFR 2.29(c)). I would very much appreciate your reply to the latter request by the time of our upcoming meeting, next Monday, May 16th.

We sincerely desire to work with you and your staff to process our FOIA request efficiently, without the need for an appeal.

Thank you in advance for your attention to these requests.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association
P.O. Box 8920

South Lake Tahoe, CA 96158

X-Spam-Status: No, hits=0.0 required=4.5
Subject: Fw: Freedom of Information Act Request - reply to your letter of 4/18
To: president@highsierrahikers.org
Cc: Dick_Martin@nps.gov,
    David_Graber@nps.gov,
    Russ_Wilson@nps.gov,
    Gregg_Fauth@nps.gov
X-Mailer: Lotus Notes Release 6.5.1 January 21, 2004
From: Shauna_Dyas@nps.gov
Date: Mon, 16 May 2005 11:29:33 -0700
X-MIMETrack: Serialize by Router on NP006DENVER/MTA/NPS(Release 6.5.3|September 14, 2004) at
05/16/2005 12:31:54 PM

Dear Mr. Browning,

Thank you for your e:mail of 5/13/05 which includes clarification of your
request under item #5 of your original letter.

We noted your fee waiver request in your letter of March 23, 2005. At the
park level, we are not authorized to approve a fee waiver over $25.00 nor
are we authorized to deny any fee waiver request. This is always true, but
particularly when the FOIA request is as broad as this one and involves
multiple NPS offices. For this reason, we spelled out your right of appeal
and included the address of the FOIA office in Washington, DC, where fee
waivers are approved or denied by the Department of Interior FOIA Officer.
Your appeal of our letter needs to be addressed to that office for a
decision since we are not authorized at the park level to approve or deny
your request for a waiver. As we said in paragraph 13 of our reply of April
18, 2005, a copy of your original request, our reply of April 18, and now
your reply in the e:mail below should accompany your appeal as well as a
brief statement of the reasons why you believe the intial decision to be in
error. The address again is:

Freedom of Information Act Appeals Officer
Department of Interior
MS7456, MIB
1849 C Street NW
Washington, DC 20240

The appeal should be marked "Freedom of Information Appeal" both on the
envelope and on the face of the letter.

Shauna Dyas
FOIA Officer
SEKI
shauna_dyas@nps.gov
559-565-3101

"Backpacking tip of the month: Don't die wishing...."
                    - Backpacker Magazine

```
        HSHA president
        <president@highsierra     To:    Dick_Martin@nps.gov,
David_Graber@nps.gov
        hikers.org>              cc:    Russ_Wilson@nps.gov, Gregg_Fauth@nps.gov,
president@highsierrahikers.org
                                 Subject: Freedom of Information Act Request - reply to your
letter of 4/18
        05/13/2005 04:39
PM
        MST
```

***via electronic mail***
May 13, 2005

Richard H. Martin, Superintendent
David Graber, Senior Science Advisor
USDI National Park Service
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Superintendent Martin and Dr. Graber,

The High Sierra Hikers Association (HSHA) has received your April 18
response to our Freedom of Information Act (FOIA) request dated March 23,
2005. This message responds to your April 18 letter (Reply Code
A7221-SEKI).

First of all, I would like to make clear that the HSHA remains interested
in pursuing this FOIA request. We would like to receive all of the
information requested, and we hereby amend our request to include all
requested records in the NPS's possession and control as of the date it
begins its search. (That is, we also request records created after the date
of our original FOIA request, including records created until the date of
this letter [5/13/05] or the date that the NPS begins its search, whichever
is later.) In addition, this message addresses two other issues: (1) our
request for a full fee waiver; and (2) clarification regarding item #5 of
our request.

Our FOIA request contained a request for a full fee waiver, and it included
a detailed justification to support a full fee waiver. However, your April
18 response does not in any way acknowledge our request for a fee waiver.
We believe that the HSHA is entitled to a full fee waiver, and we further
believe that it is inappropriate for the National Park Service (NPS) to

insist on receiving "written notification of willingness to pay," when the NPS has not acknowledged or made any determination regarding our detailed request for a fee waiver.

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for the denial, including a full explanation of why your fee waiver request did not meet DOI's fee waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s) and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A to this part) under the procedures in Sec. 2.30."

Your April 18 letter does not acknowledge or make any findings related to our fee waiver request. It is thus clear that the NPS has not satisfied its obligations under 43 CFR 2.29(c), as referenced above.

At this time, we again respectfully request a full fee waiver, based on the supporting information provided in our original request. Specifically, we respectfully request that the NPS: (1) acknowledge receipt of this electronic mail message; (2) acknowledge receipt of our fee waiver request that accompanied our original FOIA request; (3) grant a full fee waiver for the requested information; and (4) confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination on our fee waiver request (including receipt of any and all information required by 43 CFR 2.29(c)).

Next, I will provide additional information regarding item #5 of our request. We would like to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP.

Because we believe that we are entitled to a full fee waiver, we do not authorize any charges for searching for or copying of the requested information. If you anticipate any charges, please provide the information required by 43 CFR 2.29(c).

In summary, I respectfully request that you: timely acknowledge receipt of
this electronic mail message; acknowledge receipt of our fee waiver
request; grant a full fee waiver for the requested information; and timely
confirm our understanding that the 30-day appeal period does not begin
until after we have been notified of the NPS's determination regarding our
fee waiver request (including any and all information required by 43 CFR
2.29(c)). I would very much appreciate your reply to the latter request by
the time of our upcoming meeting, next Monday, May 16th.

We sincerely desire to work with you and your staff to process our FOIA
request efficiently, without the need for an appeal.

Thank you in advance for your attention to these requests.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158



# United States Department of the Interior

**NATIONAL PARK SERVICE**

Sequoia and Kings Canyon National Parks
47050 Generals Highway
IN REPLY REFER TO:                        Three Rivers, California 93271
(559) 565-3341

A7221 (SEKI)

May 16, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your electronic mail response dated May 13, 2005, in which you clarify the portion of your Freedom of Information Act request of March 23, 2005 in which you seek:

"5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

In your electronic mail of May 13, 2005, you clarify your request in #5 to include:

"...all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP."

We estimate 7500 pages are responsive to item 5. We charge .13 cents a copy or approximately $975 for duplication costs for item 5. It also will take approximately 80 hours of professional search time to locate records in item 5 which are on file at the park, Denver Service Center and Pacific West Regional Office in Oakland, CA. We charge $49 per hour for records sought under item 5 because they are located in managerial files. Search time for item 5 of this FOIA is estimated at $3,920. Total cost of completing item 5 of this FOIA as clarified in your e:mail of May 13, 2005, is **$4,895. This charge is in addition to the estimate of $3,252**

**quoted in our letter of April 18, 2005, for items 1 through 4 of your FOIA for a total estimate of $8,147.00.**

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches – all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

In accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Richard H. Martin
Superintendent

2

To: Shauna_Dyas@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Re: Official Response to E:mail of May 13, 2005
Cc: Dick_Martin@nps.gov, Russ_Wilson@nps.gov, David_Graber@nps.gov,
Gregg_Fauth@nps.gov
Bcc:
Attached:


***via electronic mail***

May 31, 2005

Shauna Dyas, FOIA Officer
Sequoia & Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Ms. Dyas,

Thank you for your two e-mail messages of May 16. The purpose of this reply is threefold. First, i
want to make clear that the HSHA remains interested in pursuing this FOIA request, and we ask
that you do not close the file on this request at least until we have received a formal
determination from your agency regarding our request for a full fee waiver, and until any appeal
period following that determination has expired.

Second, we would like to amend our FOIA request to narrow your search.

And third, we would like to receive clarification regarding the NPS's response to our request for a
full fee waiver.

Amendment to FOIA request. By this electronic letter, we amend our FOIA request as follows:
We do not request, under items 1,2,3, or 5, documents that are related only to the issue of
cabins in Mineral King Valley. (We do still request all documents and communications as
detailed in our 3/25/05 and 5/13/05 FOIA requests, except materials responsive to items 1,2,3, or
5 that address or discuss only the Mineral King cabins issue.) I would appreciate a reply
documenting your receipt of this e-mail letter, and confirming that you understand our amended
FOIA request. We also hereby reiterate our request for a full fee waiver; we do not authorize any
search or copying charges at this time.

Request for clarification. In your email reply of May 16, you stated that: "At the park level, we are
not authorized to approve a fee waiver over $25.00 nor are we authorized to deny any fee waiver
request." We assume this means that you have forwarded our March 23 request for a full fee
waiver, plus supporting materials, to some other NPS official who will make a formal
determination regarding our request for a fee waiver. If you have not done so, I request that you
do so, at your earliest convenience. If you are not willing to do this, could you please provide your
opinion about the proper procedure, including the name and address of the proper official, to
whom we should request a fee waiver. (I acknowledge that you provided information regarding

1

appeal procedures. However, i do not believe that an appeal is appropriate at this time, i.e., while we are awaiting a determination regarding our request for a fee waiver.)

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for the denial, including a full explanation of why your fee waiver request did not meet DOI's fee waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s) and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A to this part) under the procedures in Sec. 2.30."

Again, we are waiting patiently for a determination regarding our request for a fee waiver, and do not believe that an appeal should be filed while our fee waiver request remains under consideration by your agency. If you have a different understanding, could you please clarify your beliefs on this subject.

Thank you in advance for your attention to these matters.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96150

At 01:25 PM 5/16/2005 -0700, you wrote:
OFFICIAL ELECTRONIC MAIL SENT VIA EMAIL
HARD COPY TO FOLLOW VIA USPS

                    United States Department of the Interior
                    NATIONAL PARK SERVICE
                    Sequoia and Kings Canyon National Parks
                    47050 Generals Highway
IN REPLY REFER TO:   Three Rivers, California 93271
                    (559) 565-3341

A7221 (SEKI)

May 16, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your electronic mail response dated May 13, 2005, in which you clarify the portion of your Freedom of Information Act request of March 23, 2005 in which you seek:

5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter.

In your electronic mail of May 13, 2005, you clarify your request in #5 to include:

"…all internal NPS ccommunications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP."

We estimate 7500 pages are responsive to item 5. We charge .13 cents a copy or approximately $975 for duplication costs for item 5. It also will take approximately 80 hours of professional search time to locate records in item 5 which are on file at the park, Denver Service Center and Pacific West Regional Office in Oakland, CA. We charge $49 per hour for records sought under item 5 because they are located in managerial files. Search time for item 5 of this FOIA is estimated at $3,920. Total cost of completing item 5 of this FOIA as clarified in your e:mail of May 13, 2005, is $4,895. This charge is in addition to the estimate of $3,252 quoted in our letter of April 18, 2005, for items 1 through 4 of your FOIA for a total estimate of $8,147.00.

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches -" all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

In accordance with 43 CFR 2.28, you may appeal this response by writing to:
Freedom of Information Act Appeals Officer, Department of the Interior, MS
7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in
writing and received no later than 30 workdays after the date of this
letter. A copy of your original request and this letter should accompany
the appeal as well as a brief statement of the reasons why you believe this
initial decision to be in error. The appeal should be marked "Freedom of
Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be
reached at 559-565-3173, participated in this decision.

Sincerely,

/s/ Russel J. Wilson, for
Richard H. Martin
Superintendent



# United States Department of the Interior

**NATIONAL PARK SERVICE**
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271
(559) 565-3341

IN REPLY REFER TO:

A7221 (SEKI)

June 6, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your electronic mail response dated May 31, 2005, in which you amend the portion of your Freedom of Information Act request of March 23, 2005 in which you state:

"We do not request, under items 1,2,3, or 5, documents that are related only to the issue of cabins in Mineral King Valley. (We do still request all documents and communications as detailed in our 3/25/05 and 5/13/05 FOIA requests, except materials responsive to items 1, 2, 3, or 5 that address or discuss only the Mineral King cabin issue.)"

While this amendment will affect the number of copies provided and will be taken into account at the time copies are made, it will have little or no affect on search time, since each document will still need to be read to ensure mention of any issue beside the Mineral King cabin issue is included in the response you seek.

Your assumption that we have forwarded your request for a fee waiver to higher headquarters is in error. **The person or group requesting the waiver must forward the request** and all background material to the Department of the Interior as instructed in 43 CFR 2.28. We cannot request a waiver for you or your group.

Again, in accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter and any other previous correspondence in reference to this request should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked **"Freedom of Information Appeal"** both on the envelope and on the face of the letter.

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from

you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Russel J. Wilson
Superintendent (Acting)

2



# H I G H
# S I E R R A
# H I K E R S
# A S S O C I A T I O N

PO Box 8920 So. Lake Tahoe CA 96158

June 23, 2005

Regional Director and/or Freedom of Information Act Officer
Pacific West Region
National Park Service
1111 Jackson Street
Oakland, CA 94607

## SUBJECT: FREEDOM OF INFORMATION ACT (FOIA)—REQUEST FOR FULL FEE WAIVER

Dear Regional Director,

This letter is to request a fee waiver for a pending FOIA request at Sequoia and Kings Canyon National Parks (SEKI).

Background: On March 23, 2005 we submitted a FOIA request to SEKI, along with a request for a full fee waiver and detailed justification for a full fee waiver. SEKI's superintendent responded with a letter dated April 18 that contained no acknowledgement or any mention whatsoever of our fee waiver request. On May 13, we responded to SEKI again requesting a full fee waiver. SEKI's superintendent responded with a letter dated May 16 that makes no mention of our fee waiver request. On that same date (May 16) SEKI's FOIA Officer responded with an email message that acknowledged our request for a fee waiver, but provided no determination regarding our fee waiver request. On May 31, we responded to SEKI's superintendent, again requesting a full fee waiver. SEKI's superintendent responded with a letter dated June 6, acknowledging our fee waiver request, but providing no determination on it. The superintendent's June 6 letter stated that: "The person or group requesting the waiver must forward the request and all background material to the Department of Interior as instructed in 43 CFR 2.28." (Copies of all correspondence related to this FOIA request are enclosed.)

We carefully reviewed the regulations cited in the superintendent's letter of June 6 (i.e., 43 CFR 2.28), and found that it does not include any instructions for requesting a fee waiver. (The cited regulations are the FOIA appeals regulations.) We do not believe that an appeal would be appropriate before the Park Service has made a formal determination

regarding our request for a fee waiver.

At this time, we respectfully request from you a full fee waiver for our FOIA request. Detailed justification to support a full fee waiver was provided with our March 23 FOIA request to SEKI, and is enclosed. We respectfully request that you provide a positive determination regarding this request at your earliest convenience.

Thank you in advance for your attention to this matter.

Sincerely yours,

Peter Browning

enclosures: March 23 FOIA Request, Justification for Fee Waiver, and follow-up correspondence

cc: Superintendent, SEKI

To: Shauna_Dyas@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Freedom of Information Act Request
Cc: Russ_Wilson@nps.gov, David_Graber@nps.gov
Bcc:
Attached:


***via electronic mail***

June 26, 2005

Shauna Dyas, FOIA Officer
Sequoia & Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Ms. Dyas,

The High Sierra Hikers Association received SEKI's June 6, 2005 letter responding to our FOIA request of March 23, 2005. SEKI's June 6 letter, signed by Acting Superintendent Russ Wilson, requested that we contact you within 20 workdays to inform you if we remain "interested in this matter." The purpose of this electronic mail letter is to let you know that: (1) We do remain very interested in pursuing this FOIA request; and (2) We request that you do not "close the file" on this FOIA request.

Last week, we sent a request for a full fee waiver to the National Park Service regional office in Oakland. We are awaiting a response. A copy of that letter, and all correspondence to date, was also sent to SEKI. You should receive it very soon, if it has not arrived already.

Again, we request that SEKI provide the requested information, and that the National Park Service grant a full fee waiver for the requested material. We remain very interested in this matter, but do not authorize any charges at this time because we believe that we are entitled to a full fee waiver.

Thank you for your attention to this request.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association

To: Holly_Bundock@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: FOIA - Request for Fee Waiver
Cc:
Bcc:
Attached:

via electronic mail
August 10, 2005

Holly Bundock, FOIA Officer
National Park Service
1111 Jackson Street
Oakland, CA 94607

Dear Ms. Bundock,

Earlier this year, we sent a Freedom of Information Act request, with a request for a full fee waiver, to Sequoia and Kings Canyon National Parks. Apparently because some of the requested materials are potentially located at your (regional) office, SEKI declined to make any determination on our request for a fee waiver.

On June 23, 2005 we sent to your office (via certified mail) a request for a full fee waiver under the Freedom of Information Act, with copies of all correspondence related to this matter. Our request (and accompanying materials) was received by your office on June 24, but to date, we have received no reply at all. We have been patiently waiting for your determination on our request for a fee waiver.

We telephoned the NPS regional office in Oakland today, and were told that you are the Region's FOIA officer. We were also told that you were out of the office, hence, i am trying to contact you via e-mail.

Can you please confirm that you received our request for a full fee waiver, and let me know the status of your determination?

We remain fully interested in pursuing this FOIA request, we believe that we are entitled by law to a full fee waiver, and we are awaiting a determination on our request for a fee waiver.

I would very much appreciate a reply at your earliest convenience. Thank you in advance for your attention to this request.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association

To: Holly_Bundock@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Fwd: FOIA - Request for Fee Waiver
Cc:
Bcc:
Attached:


Dear Ms. Bundock,

I am writing in hopes that you will confirm receipt of my electronic letter of August 10 (copy
below), and let me know when i may expect a reply.

Thank you,
Peter Browning, President
High Sierra Hikers Association


Date: Wed, 10 Aug 2005 16:36:32 -0700
To: Holly_Bundock@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: FOIA - Request for Fee Waiver

via electronic mail
August 10, 2005

Holly Bundock, FOIA Officer
National Park Service
1111 Jackson Street
Oakland, CA 94607

Dear Ms. Bundock,

Earlier this year, we sent a Freedom of Information Act request, with a request for a full fee
waiver, to Sequoia and Kings Canyon National Parks. Apparently because some of the
requested materials are potentially located at your (regional) office, SEKI declined to make any
determination on our request for a fee waiver.

On June 23, 2005 we sent to your office (via certified mail) a request for a full fee waiver under
the Freedom of Information Act, with copies of all correspondence related to this matter. Our
request (and accompanying materials) was received by your office on June 24, but to date, we
have received no reply at all. We have been patiently waiting for your determination on our
request for a fee waiver.

We telephoned the NPS regional office in Oakland today, and were told that you are the
Region's FOIA officer. We were also told that you were out of the office, hence, i am trying to
contact you via e-mail.

Can you please confirm that you received our request for a full fee waiver, and let me know the status of your determination?

We remain fully interested in pursuing this FOIA request, we believe that we are entitled by law to a full fee waiver, and we are awaiting a determination on our request for a fee waiver.

I would very much appreciate a reply at your earliest convenience. Thank you in advance for your attention to this request.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association

X-Spam-Status: No, hits=-2.6 required=4.5
Subject: Re: Fwd: FOIA - Request for Fee Waiver
To: HSHA president <president@highsierrahikers.org>
X-Mailer: Lotus Notes Release 5.0.10  March 22, 2002
From: Holly_Bundock@nps.gov
Date: Tue, 16 Aug 2005 16:50:10 -0700
X-MIMETrack: Serialize by Router on NP006DENVER/MTA/NPS(Release 6.5.3|September
14, 2004) at
08/16/2005 05:50:12 PM

a response to your fee waiver request has been under review in the
solicitors office for a while.  we will send it out as soon as the review
is completed.



# United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807



IN REPLY REFER TO:
A7221(PWR-C)

**AUG 2 3 2005**

Mr. Peter Browning
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your June 23, 2005, request for a fee waiver for a Freedom of Information Act (FOIA) request to Sequoia and Kings Canyon National Park.

You seek:

1. "all comments received by the NPS in response to the Draft Environmental Impact Statement for the Sequoia and Kings Canyon Draft General Management Plan. ..
2. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI...
3. "any and all communications regarding the SEKI SMP and GMP planning process received by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications...
4. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications...
5. "all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

You clarified your request for item 5 in a May 13, 2005, email, saying that you seek to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the process until May 13 or whenever the search begins. You seek records between federal employees discussing any subject matter contained or modified or not included in the draft or final GMP.

Our regulations (43 CFR 2.19 (b)) provide for bureaus to waive fees if disclosure of all or part of the information is in the public interest because its release (1) is likely to contribute significantly to public understanding of the operations or activities of the Government; and (2) is not primarily in the commercial interest of the requester.

The park has worked on a draft plan for about 10 years. We have no doubt of the veracity of the existence of 8,390 pages, probably mostly email, quoted to you by the park superintendent in his several letters and fee waiver denial. The park has produced numerous public mailings and newsletters on the planning process.

You have shown no evidence of what additional steps you plan to take to guarantee that providing any records to your group will significantly contribute to the public understanding of the operations or



activities of the Government beyond that which the park has taken over the course of the past ten years. We cannot in good conscience pull limited staff off the work of the plan to search for the records unless you are able to pay for some of the search and production costs. Your fee waiver request is denied.

The estimated costs are as follows:
Hours of Search:
Items 1 –4 = 65 hours of professional search time @ $33.80 hour, less two hours free search time = $2,129.40
Item 5 = 80 hours of managerial search time @ $49/ hour = $3,920.00

Estimated pages
Items 1-4 = 890 @ 13 cents/page, less 100 free pages = $102.70
Items 5 = 7,500 @ 13 cents/page = $975

Estimated total = $7,127.10

We also would suggest that since the planning process is ongoing, it is likely that many of the documents are predecisional and would be withheld under exemption 5. You would be in a position of paying for a records search and possibly not receiving the records.

In addition to myself, FOIA Officer Holly Bundock, who can be reached at 510-817-1320, and Field Solicitor Barbara Goodyear, participated in this decision.

You have the right to appeal this decision by writing to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, DC 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter (Saturday, Sunday, and public holidays excepted). A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter.

Sincerely,

Jonathan B. Jarvis
Regional Director, Pacific West Region

To: Holly_Bundock@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Re: Fwd: FOIA - Request for Fee Waiver
Cc:
Bcc:
Attached:


\*\*\* via electronic mail \*\*\*

September 1, 2005

Holly Bundock, FOIA Officer
USDI National Park Service, Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807

Dear Ms. Bundock,

We received your August 23, 2005 determination denying our request for a fee waiver in the matter of our March 23, 2005 FOIA request to Sequoia and Kings Canyon National Parks (SEKI). We are reviewing your letter now. I have one quick question, and would appreciate a reply at your earliest convenience:

In making your determination, did you consider our 3-page "Justification for Fee Waiver" which was enclosed with our original FOIA request to SEKI (and a copy sent to your office with our request for a fee waiver)?

The reason I ask this question is because your August 23 letter does not discuss our Justification for Fee Waiver, or even acknowledge it, so we want to verify that you received and considered it in making your determination.

Thank you in advance for your attention to this request. Again, I would very much appreciate a reply as soon as possible.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association


At 04:50 PM 8/16/2005 -0700, you wrote:
    a response to your fee waiver request has been under review in the
    solicitors office for a while.  we will send it out as soon as the review
    is completed.

1

X-Spam-Status: No, hits=-2.6 required=4.5
Subject: Re: Fwd: FOIA - Request for Fee Waiver
To: HSHA president <president@highsierrahikers.org>
Cc: Shauna_Dyas@nps.gov
X-Mailer: Lotus Notes Release 5.0.10  March 22, 2002
From: Holly_Bundock@nps.gov
Date: Thu, 1 Sep 2005 08:48:32 -0700
X-MIMETrack: Serialize by Router on NP006DENVER/MTA/NPS(Release 6.5.3|September 14, 2004) at
09/01/2005 09:50:57 AM

We have read the entire correspondence file of 26 pages thoroughly.


            HSHA president
            <president@highsierra        To:
Holly_Bundock@nps.gov
            hikers.org>             cc:
                                    Subject:  Re: Fwd: FOIA - Request for Fee
Waiver
            09/01/2005 12:14
AM
            MST


*** via electronic mail ***

September 1, 2005

Holly Bundock, FOIA Officer
USDI National Park Service, Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807

Dear Ms. Bundock,

We received your August 23, 2005 determination denying our request for a
fee waiver in the matter of our March 23, 2005 FOIA request to Sequoia and
Kings Canyon National Parks (SEKI). We are reviewing your letter now. I
have one quick question, and would appreciate a reply at your earliest
convenience:

In making your determination, did you consider our 3-page "Justification
for Fee Waiver" which was enclosed with our original FOIA request to SEKI
(and a copy sent to your office with our request for a fee waiver)?

The reason I ask this question is because your August 23 letter does not discuss our Justification for Fee Waiver, or even acknowledge it, so we want to verify that you received and considered it in making your determination.

Thank you in advance for your attention to this request. Again, I would very much appreciate a reply as soon as possible.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association


At 04:50 PM 8/16/2005 -0700, you wrote:
>a response to your fee waiver request has been under review in the
>solicitors office for a while. we will send it out as soon as the review
>is completed.

To: Holly_Bundock@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Re: Fwd: FOIA - Request for Fee Waiver
Cc:
Bcc:
Attached:


September 1, 2005

Dear Ms. Bundock,

Thank you for your reply. I request additional clarification. We cannot be certain what is
contained in the "correspondence file" to which you refer. Can you confirm that you reviewed and
considered our 3-page Justification for Fee Waiver ?

Thank you in advance for your time in responding to this question.

Peter Browning, President
High Sierra Hikers Association


At 08:48 AM 9/1/2005 -0700, you wrote:
We have read the entire correspondence file of 26 pages thoroughly.



          HSHA president
          <president@highsierra       To:
Holly_Bundock@nps.gov
          hikers.org>        cc:
                            Subject: Re: Fwd: FOIA - Request for Fee

Waiver

          09/01/2005 12:14 AM
          MST




*** via electronic mail ***

September 1, 2005

Holly Bundock, FOIA Officer
USDI National Park Service, Pacific West Region
1111 Jackson Street, Suite 700

1

Oakland, California 94607-4807

Dear Ms. Bundock,

We received your August 23, 2005 determination denying our request for a fee waiver in the matter of our March 23, 2005 FOIA request to Sequoia and Kings Canyon National Parks (SEKI). We are reviewing your letter now. I have one quick question, and would appreciate a reply at your earliest convenience:

In making your determination, did you consider our 3-page "Justification for Fee Waiver" which was enclosed with our original FOIA request to SEKI (and a copy sent to your office with our request for a fee waiver)?

The reason I ask this question is because your August 23 letter does not discuss our Justification for Fee Waiver, or even acknowledge it, so we want to verify that you received and considered it in making your determination.

Thank you in advance for your attention to this request. Again, I would very much appreciate a reply as soon as possible.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association


At 04:50 PM 8/16/2005 -0700, you wrote:
>a response to your fee waiver request has been under review in the
>solicitors office for a while.  we will send it out as soon as the review
>is completed.



# United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807



IN REPLY REFER TO:
A7221(PWR-C)

**SEP 0 2 2005**

Mr. Peter Browning
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your emails of September 1, 2005, asking whether we had considered your 3-page justification for a fee waiver and what was in our correspondence file.

Yes, we thoroughly read everything in the correspondence file, which is enclosed. It contains:

August 15, 2005, email from High Sierra Hikers Association
June 23, 2005, letter from High Sierra Hikers Association
June 6, 2005, letter from Sequoia National Park
May 31, 2005, email from High Sierra Hikers Association
May 16, 2005, letter from Sequoia National Park
May 16, 2005, email from Sequoia National Park
May 13, 2005, email from High Sierra Hikers Association (two copies)
April 18, 2005, letter from Sequoia National Park
March 23, 2005, letter from High Sierra Hikers Association

Our letter of August 23, 2005, rendered the decision to deny a fee waiver based on this correspondence. It provided appeal rights to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, DC 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter (Saturday, Sunday, and public holidays excepted). A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter.

Sincerely,

Holly Bundock
Freedom of Information Officer

Enclosure



TAKE PRIDE
IN AMERICA



**Holly Bundock**
08/16/2005 04:50 PM
PDT

To: Rita Hanamoto/OAKLAND/NPS@NPS
cc:
Subject: Fwd: FOIA - Request for Fee Waiver

keep this with our file too.
----- Forwarded by Holly Bundock/OAKLAND/NPS on 08/16/2005 04:50 PM -----



**HSHA president**
**<president@highsierra**
**hikers.org>**
08/15/2005 04:13 PM
MST

To: Holly_Bundock@nps.gov
cc:
Subject: Fwd: FOIA - Request for Fee Waiver

Dear Ms. Bundock,

I am writing in hopes that you will confirm receipt of my
electronic letter
of August 10 (copy below), and let me know when i may expect a
reply.

Thank you,
Peter Browning, President
High Sierra Hikers Association

>Date: Wed, 10 Aug 2005 16:36:32 -0700
>To: Holly_Bundock@nps.gov
>From: HSHA president <president@highsierrahikers.org>
>Subject: FOIA - Request for Fee Waiver
>
>via electronic mail
>August 10, 2005
>
>Holly Bundock, FOIA Officer
>National Park Service
>1111 Jackson Street
>Oakland, CA 94607
>
>Dear Ms. Bundock,
>
>Earlier this year, we sent a Freedom of Information Act request,
with a
>request for a full fee waiver, to Sequoia and Kings Canyon
National Parks.
>Apparently because some of the requested materials are
potentially located
>at your (regional) office, SEKI declined to make any
determination on our
>request for a fee waiver.
>
>On June 23, 2005 we sent to your office (via certified mail) a
request for
>a full fee waiver under the Freedom of Information Act, with
copies of all
>correspondence related to this matter. Our request (and
accompanying
>materials) was received by your office on June 24, but to date,

we have
>received no reply at all. We have been patiently waiting for your
>determination on our request for a fee waiver.
>
>We telephcned the NPS regional office in Oakland today, and were
told that
>you are the Region's FOIA officer. We were also told that you
were out of
>the office, hence, i am trying to contact you via e-mail.
>
>Can you please confirm that you received our request for a full
fee
>waiver, and let me know the status of your determination?
>
>We remain fully interested in pursuing this FOIA request, we
believe that
>we are entitled by law to a full fee waiver, and we are awaiting
a
>determination on our request for a fee waiver.
>
>I would very much appreciate a reply at your earliest
convenience. Thank
>you in advance for your attention to this request.
>
>Sincerely yours,
>
>Peter Browning, President
>High Sierra Hikers Association



# H I G H
# S I E R R A
# H I K E R S
# A S S O C I A T I O N

PO BOX 8920  SO. LAKE TAHOE  CA  96158

June 23, 2005

Regional Director and/or Freedom of Information Act Officer
Pacific West Region
National Park Service
1111 Jackson Street
Oakland, CA 94607

## SUBJECT: FREEDOM OF INFORMATION ACT (FOIA)—REQUEST FOR
## FULL FEE WAIVER

Dear Regional Director,

This letter is to request a fee waiver for a pending FOIA request at Sequoia and Kings
Canyon National Parks (SEKI).

Background: On March 23, 2005 we submitted a FOIA request to SEKI, along with a
request for a full fee waiver and detailed justification for a full fee waiver. SEKI's
superintendent responded with a letter dated April 18 that contained no acknowledgement
or any mention whatsoever of our fee waiver request. On May 13, we responded to SEKI
again requesting a full fee waiver. SEKI's superintendent responded with a letter dated
May 16 that makes no mention of our fee waiver request. On that same date (May 16)
SEKI's FOIA Officer responded with an email message that acknowledged our request
for a fee waiver, but provided no determination regarding our fee waiver request. On May
31, we responded to SEKI's superintendent, again requesting a full fee waiver. SEKI's
superintendent responded with a letter dated June 6, acknowledging our fee waiver
request, but providing no determination on it. The superintendent's June 6 letter stated
that: "The person or group requesting the waiver must forward the request and all
background material to the Department of Interior as instructed in 43 CFR 2.28." (Copies
of all correspondence related to this FOIA request are enclosed.)

We carefully reviewed the regulations cited in the superintendent's letter of June 6 (i.e.,
43 CFR 2.28), and found that it does not include any instructions for requesting a fee
waiver. (The cited regulations are the FOIA appeals regulations.) We do not believe that
an appeal would be appropriate before the Park Service has made a formal determination
regarding our request for a fee waiver.

At this time, we respectfully request from you a full fee waiver for our FOIA request. Detailed justification to support a full fee waiver was provided with our March 23 FOIA request to SEKI, and is enclosed. We respectfully request that you provide a positive determination regarding this request at your earliest convenience.

Thank you in advance for your attention to this matter.

Sincerely yours,

Peter Browning

enclosures: March 23 FOIA Request, Justification for Fee Waiver, and follow-up correspondence

cc: Superintendent, SEKI



# United States Department of the Interior

NATIONAL PARK SERVICE
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271
(559) 565-3341

IN REPLY REFER TO:

A7221 (SEKI)

June 6, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your electronic mail response dated May 31, 2005, in which you amend the portion of your Freedom of Information Act request of March 23, 2005 in which you state:

"We do not request, under items 1,2,3, or 5, documents that are related only to the issue of cabins in Mineral King Valley. (We do still request all documents and communications as detailed in our 3/25/05 and 5/13/05 FOIA requests, except materials responsive to items 1, 2, 3, or 5 that address or discuss only the Mineral King cabin issue.)"

While this amendment will affect the number of copies provided and will be taken into account at the time copies are made, it will have little or no affect on search time, since each document will still need to be read to ensure mention of any issue beside the Mineral King cabin issue is included in the response you seek.

Your assumption that we have forwarded your request for a fee waiver to higher headquarters is in error. **The person or group requesting the waiver must forward the request** and all background material to the Department of the Interior as instructed in 43 CFR 2.28. We cannot request a waiver for you or your group.

Again, in accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter and any other previous correspondence in reference to this request should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked **"Freedom of Information Appeal"** both on the envelope and on the face of the letter.

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from

you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Russel J. Wilson
Superintendent (Acting)

2

To: Shauna_Dyas@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Re: Official Response to E:mail of May 13, 2005
Cc: Dick_Martin@nps.gov, Russ_Wilson@nps.gov, David_Graber@nps.gov,
Gregg_Fauth@nps.gov
Bcc:
Attached:


***via electronic mail***

May 31, 2005

Shauna Dyas, FOIA Officer
Sequoia & Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Ms. Dyas,

Thank you for your two e-mail messages of May 16. The purpose of this reply is threefold. First, i
want to make clear that the HSHA remains interested in pursuing this FOIA request, and we ask
that you do not close the file on this request at least until we have received a formal
determination from your agency regarding our request for a full fee waiver, and until any appeal
period following that determination has expired.

Second, we would like to amend our FOIA request to narrow your search.

And third, we would like to receive clarification regarding the NPS's response to our request for a
full fee waiver.

Amendment to FOIA request. By this electronic letter, we amend our FOIA request as follows:
We do not request, under items 1,2,3, or 5, documents that are related only to the issue of
cabins in Mineral King Valley. (We do still request all documents and communications as
detailed in our 3/25/05 and 5/13/05 FOIA requests, except materials responsive to items 1,2,3, or
5 that address or discuss only the Mineral King cabins issue.) I would appreciate a reply
documenting your receipt of this e-mail letter, and confirming that you understand our amended
FOIA request. We also hereby reiterate our request for a full fee waiver; we do not authorize any
search or copying charges at this time.

Request for clarification. In your email reply of May 16, you stated that: "At the park level, we are
not authorized to approve a fee waiver over $25.00 nor are we authorized to deny any fee waiver
request." We assume this means that you have forwarded our March 23 request for a full fee
waiver, plus supporting materials, to some other NPS official who will make a formal
determination regarding our request for a fee waiver. If you have not done so, I request that you
do so, at your earliest convenience. If you are not willing to do this, could you please provide your
opinion about the proper procedure, including the name and address of the proper official, to
whom we should request a fee waiver. (I acknowledge that you provided information regarding

appeal procedures. However, i do not believe that an appeal is appropriate at this time, i.e., while we are awaiting a determination regarding our request for a fee waiver.)

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for the denial, including a full explanation of why your fee waiver request did not meet DOI's fee waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s) and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A to this part) under the procedures in Sec. 2.30."

Again, we are waiting patiently for a determination regarding our request for a fee waiver, and do not believe that an appeal should be filed while our fee waiver request remains under consideration by your agency. If you have a different understanding, could you please clarify your beliefs on this subject.

Thank you in advance for your attention to these matters.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96150

At 01:25 PM 5/16/2005 -0700, you wrote:
  OFFICIAL ELECTRONIC MAIL SENT VIA EMAIL
  HARD COPY TO FOLLOW VIA USPS

                              United States Department of the Interior
                              NATIONAL PARK SERVICE
                              Sequoia and Kings Canyon National Parks
                              47050 Generals Highway
  IN REPLY REFER TO:          Three Rivers, California 93271
                              (559) 565-3341

A7221 (SEKI)

May 16, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

2

This is in response to your electronic mail response dated May 13, 2005, in which you clarify the portion of your Freedom of Information Act request of March 23, 2005 in which you seek:

5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter.

In your electronic mail of May 13, 2005, you clarify your request in #5 to include:

"...all internal NPS ccommunications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP."

We estimate 7500 pages are responsive to item 5. We charge .13 cents a copy or approximately $975 for duplication costs for item 5. It also will take approximately 80 hours of professional search time to locate records in item 5 which are on file at the park, Denver Service Center and Pacific West Regional Office in Oakland, CA. We charge $49 per hour for records sought under item 5 because they are located in managerial files. Search time for item 5 of this FOIA is estimated at $3,920. Total cost of completing item 5 of this FOIA as clarified in your e:mail of May 13, 2005, is $4,895. This charge is in addition to the estimate of $3,252 quoted in our letter of April 18, 2005, for items 1 through 4 of your FOIA for a total estimate of $8,147.00.

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches -" all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

Shauna_Dyas@nps.gov, 04:00 PM 5/31/2005 -0700, Re: Official Response to E:mail of May 13, 2005

In accordance with 43 CFR 2.28, you may appeal this response by writing to:
Freedom of Information Act Appeals Officer, Department of the Interior, MS
7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in
writing and received no later than 30 workdays after the date of this
letter. A copy of your original request and this letter should accompany
the appeal as well as a brief statement of the reasons why you believe this
initial decision to be in error. The appeal should be marked "Freedom of
Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be
reached at 559-565-3173, participated in this decision.

Sincerely,

/s/ Russel J. Wilson, for
Richard H. Martin
Superintendent



# United States Department of the Interior

NATIONAL PARK SERVICE
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271
(559) 565-3341

IN REPLY REFER TO:

A7221 (SEKI)

May 16, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your electronic mail response dated May 13, 2005, in which you clarify the portion of your Freedom of Information Act request of March 23, 2005 in which you seek:

"5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

In your electronic mail of May 13, 2005, you clarify your request in #5 to include:

"…all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP."

We estimate 7500 pages are responsive to item 5. We charge .13 cents a copy or approximately $975 for duplication costs for item 5. It also will take approximately 80 hours of professional search time to locate records in item 5 which are on file at the park, Denver Service Center and Pacific West Regional Office in Oakland, CA. We charge $49 per hour for records sought under item 5 because they are located in managerial files. Search time for item 5 of this FOIA is estimated at $3,920. Total cost of completing item 5 of this FOIA as clarified in your e:mail of May 13, 2005, is **$4,895. This charge is in addition to the estimate of $3,252**

quoted in our letter of April 18, 2005, for items 1 through 4 of your FOIA for a total estimate of $8,147.00.

We will not proceed further with your request until we receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches – all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

In accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Richard H. Martin
Superintendent

2

X-Spam-Status: No, hits=0.0 required=4.5
Subject: Fw: Freedom of Information Act Request - reply to your letter of 4/18
To: president@highsierrahikers.org
Cc: Dick_Martin@nps.gov,
    David_Graber@nps.gov,
    Russ_Wilson@nps.gov,
    Gregg_Fauth@nps.gov
X-Mailer: Lotus Notes Release 6.5.1 January 21, 2004
From: Shauna_Dyas@nps.gov
Date: Mon, 16 May 2005 11:29:33 -0700
X-MIMETrack: Serialize by Router on NP006DENVER/MTA/NPS(Release 6.5.3|September
14, 2004) at
05/16/2005 12:31:54 PM

Dear Mr. Browning,

Thank you for your e:mail of 5/13/05 which includes clarification of your
request under item #5 of your original letter.

We noted your fee waiver request in your letter of March 23, 2005. At the
park level, we are not authorized to approve a fee waiver over $25.00 nor
are we authorized to deny any fee waiver request. This is always true, but
particularly when the FOIA request is as broad as this one and involves
multiple NPS offices. For this reason, we spelled out your right of appeal
and included the address of the FOIA office in Washington, DC, where fee
waivers are approved or denied by the Department of Interior FOIA Officer.
Your appeal of our letter needs to be addressed to that office for a
decision since we are not authorized at the park level to approve or deny
your request for a waiver. As we said in paragraph 13 of our reply of April
18, 2005, a copy of your original request, our reply of April 18, and now
your reply in the e:mail below should accompany your appeal as well as a
brief statement of the reasons why you believe the intial decision to be in
error. The address again is:

Freedom of Information Act Appeals Officer
Department of Interior
MS7456, MIB
1849 C Street NW
Washington, DC 20240

The appeal should be marked "Freedom of Information Appeal" both on the
envelope and on the face of the letter.

Shauna Dyas
FOIA Officer
SEKI
shauna_dyas@nps.gov
559-565-3101

"Backpacking tip of the month: Don't die wishing...."
                        - Backpacker Magazine

|  |  |  |  |
|---|---|---|---|
| HSHA president | | | |
| <president@highsierra | To: | Dick_Martin@nps.gov, | |
| David_Graber@nps.gov | | | |
| hikers.org> | cc: | Russ_Wilson@nps.gov, Gregg_Fauth@nps.gov, | |
| president@highsierrahikers.org | | | |

Subject: Freedom of Information Act Request - reply to your letter of 4/18

05/13/2005 04:39

PM

        MST


***via electronic mail***
May 13, 2005

Richard H. Martin, Superintendent
David Graber, Senior Science Advisor
USDI National Park Service
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Superintendent Martin and Dr. Graber,

The High Sierra Hikers Association (HSHA) has received your April 18
response to our Freedom of Information Act (FOIA) request dated March 23,
2005. This message responds to your April 18 letter (Reply Code
A7221-SEKI).

First of all, I would like to make clear that the HSHA remains interested
in pursuing this FOIA request. We would like to receive all of the
information requested, and we hereby amend our request to include all
requested records in the NPS's possession and control as of the date it
begins its search. (That is, we also request records created after the date
of our original FOIA request, including records created until the date of
this letter [5/13/05] or the date that the NPS begins its search, whichever
is later.) In addition, this message addresses two other issues: (1) our
request for a full fee waiver; and (2) clarification regarding item #5 of
our request.

Our FOIA request contained a request for a full fee waiver, and it included
a detailed justification to support a full fee waiver. However, your April
18 response does not in any way acknowledge our request for a fee waiver.
We believe that the HSHA is entitled to a full fee waiver, and we further
believe that it is inappropriate for the National Park Service (NPS) to

insist on receiving "written notification of willingness to pay," when the NPS has not acknowledged or made any determination regarding our detailed request for a fee waiver.

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for the denial, including a full explanation of why your fee waiver request did not meet DOI's fee waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s) and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A to this part) under the procedures in Sec. 2.30."

Your April 18 letter does not acknowledge or make any findings related to our fee waiver request. It is thus clear that the NPS has not satisfied its obligations under 43 CFR 2.29(c), as referenced above.

At this time, we again respectfully request a full fee waiver, based on the supporting information provided in our original request. Specifically, we respectfully request that the NPS: (1) acknowledge receipt of this electronic mail message; (2) acknowledge receipt of our fee waiver request that accompanied our original FOIA request; (3) grant a full fee waiver for the requested information; and (4) confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination on our fee waiver request (including receipt of any and all information required by 43 CFR 2.29(c)).

Next, I will provide additional information regarding item #5 of our request. We would like to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP.

Because we believe that we are entitled to a full fee waiver, we do not authorize any charges for searching for or copying of the requested information. If you anticipate any charges, please provide the information required by 43 CFR 2.29(c).

In summary, I respectfully request that you: timely acknowledge receipt of this electronic mail message; acknowledge receipt of our fee waiver request; grant a full fee waiver for the requested information; and timely confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination regarding our fee waiver request (including any and all information required by 43 CFR 2.29(c)). I would very much appreciate your reply to the latter request by the time of our upcoming meeting, next Monday, May 16th.

We sincerely desire to work with you and your staff to process our FOIA request efficiently, without the need for an appeal.

Thank you in advance for your attention to these requests.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158

To: Dick_Martin@nps.gov, David_Graber@nps.gov
From: HSHA president <president@highsierrahikers.org>
Subject: Freedom of Information Act Request - reply to your letter of 4/18
Cc: Russ_Wilson@nps.gov, Gregg_Fauth@nps.gov, president@highsierrahikers.org
Bcc:
Attached:


***via electronic mail***
May 13, 2005

Richard H. Martin, Superintendent
David Graber, Senior Science Advisor
USDI National Park Service
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, CA 93271

Dear Superintendent Martin and Dr. Graber,

The High Sierra Hikers Association (HSHA) has received your April 18 response to our Freedom
of Information Act (FOIA) request dated March 23, 2005. This message responds to your April 18
letter (Reply Code A7221-SEKI).

First of all, I would like to make clear that the HSHA remains interested in pursuing this FOIA
request. We would like to receive all of the information requested, and we hereby amend our
request to include all requested records in the NPS's possession and control as of the date it
begins its search. (That is, we also request records created after the date of our original FOIA
request, including records created until the date of this letter [5/13/05] or the date that the NPS
begins its search, whichever is later.) In addition, this message addresses two other issues: (1)
our request for a full fee waiver; and (2) clarification regarding item #5 of our request.

Our FOIA request contained a request for a full fee waiver, and it included a detailed justification
to support a full fee waiver. However, your April 18 response does not in any way acknowledge
our request for a fee waiver. We believe that the HSHA is entitled to a full fee waiver, and we
further believe that it is inappropriate for the National Park Service (NPS) to insist on receiving
"written notification of willingness to pay," when the NPS has not acknowledged or made any
determination regarding our detailed request for a fee waiver.

The Department of Interior's FOIA regulations (at 43 CFR 2.29(c)) provide that: "(c) If a bureau
denies your request for a fee waiver, it will notify you, in writing, of the following: (1) The basis for
the denial, including a full explanation of why your fee waiver request did not meet DOI's fee
waiver criteria (see paragraph (b) of this section and Appendix D to this part); (2) The name(s)
and title(s) or position(s) of each person responsible for the denial; (3) The name and title of the
Office of the Solicitor attorney consulted; and (4) A statement that the denial may be appealed
within 30 workdays after the date of the denial letter to the FOIA Appeals Officer (see Appendix A
to this part) under the procedures in Sec. 2.30."

1

Your April 18 letter does not acknowledge or make any findings related to our fee waiver request. It is thus clear that the NPS has not satisfied its obligations under 43 CFR 2.29(c), as referenced above.

At this time, we again respectfully request a full fee waiver, based on the supporting information provided in our original request. Specifically, we respectfully request that the NPS: (1) acknowledge receipt of this electronic mail message; (2) acknowledge receipt of our fee waiver request that accompanied our original FOIA request; (3) grant a full fee waiver for the requested information; and (4) confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination on our fee waiver request (including receipt of any and all information required by 43 CFR 2.29(c)).

Next, I will provide additional information regarding item #5 of our request. We would like to receive all internal NPS communications regarding the DEIS and the DGMP that were created from the beginning of the GMP planning process, until May 13, 2005 (the date of this letter) or the date that the NPS begins its search, whichever is later. Specifically, we request all communications that discuss or are otherwise related to the subject matter contained in the DEIS and/or the DGMP that occurred between employees of the federal government where either the author/creator or the recipient is or was an NPS employee who worked on the DEIS (including, but not limited to, all federal employees listed at pp. 407-408 of Volume 2 of the DEIS). By "subject matter of the DEIS and/or the DGMP" we mean all communications that discuss any subject matter (including but not limited to, issues, activities, purpose, prescriptions, practices, alternatives, impacts, consequences, mitigation measures, etc.) contained in the DEIS or DGMP, or that discuss any subject matter that is or was to be modified, or not included, in the draft or final EIS or in the draft or final GMP.

Because we believe that we are entitled to a full fee waiver, we do not authorize any charges for searching for or copying of the requested information. If you anticipate any charges, please provide the information required by 43 CFR 2.29(c).

In summary, I respectfully request that you: timely acknowledge receipt of this electronic mail message; acknowledge receipt of our fee waiver request; grant a full fee waiver for the requested information; and timely confirm our understanding that the 30-day appeal period does not begin until after we have been notified of the NPS's determination regarding our fee waiver request (including any and all information required by 43 CFR 2.29(c)). I would very much appreciate your reply to the latter request by the time of our upcoming meeting, next Monday, May 16th.

We sincerely desire to work with you and your staff to process our FOIA request efficiently, without the need for an appeal.

Thank you in advance for your attention to these requests.

Sincerely yours,

Peter Browning, President
High Sierra Hikers Association
P.O. Box 8920

Dick_Martin@nps.gov, Dai     Graber@nps.gov, 04:39 PM 5/13/2(     +0700, Freedom of Information

South Lake Tahoe, CA 96158



# United States Department of the Interior

## NATIONAL PARK SERVICE

Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271
(559) 565-3341

IN REPLY REFER TO:

A7221 (SEKI)

April 18, 2005

High Sierra Hikers Association
Attn: Peter Browning
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is in response to your Freedom of Information Act (FOIA) request dated March 23, 2005, in which you seek:

"1. all comments received by the National Park Service (NPS) in response to the Draft Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General Management Plan (DGMP). This request should be construed broadly to include without limitation written communications (including but not limited to letters, electronic mail messages, and any exhibits and attachments thereto) and records of oral communications (including but not limited to transcripts of oral comments received at public meetings or hearings, and logs of individual communications made in person and by telephone) that include comments on the DEIS; and

2. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI; and

3. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications; and

4. any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications; and

5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

We estimate 800 pages are responsive to item 1. About 90 pages are responsive to items 2,3, and 4. We charge .13 cents a copy or approximately $116 for duplication costs for items 1 through 4. (The first one hundred copies in response to any FOIA are free.) It also will take approximately 65 hours of professional search time to locate records in item 2 – 4. Records in

item 1 are already assembled and will incur no search charge. We charge $49 per hour for records sought under items 2 – 4 because they are located in managerial files. Search time for items 1 through 4 of this FOIA is estimated at $3,136. (The first hour of search time in response to any FOIA is free.) Total cost of completing items 1 through 4 of this FOIA is $3,252.

In accordance with the Department of the Interior's FOIA regulations (43 CFR 2.28(a)), a FOIA requester must describe the records in sufficient detail to enable an employee familiar with the subject area of the request to locate the responsive records within a reasonable amount of effort. Your request does not meet this requirement in reference to item 5. Because of the broad and general nature of your request, we are unable to identify which records are being sought.

Please be as specific as possible concerning the type of documents you are requesting. If you know, please include the date, title or name, author, recipient, and subject matter of the records you are seeking. Additionally, please identify the geographical location and timeframe for which you are seeking records.

We will not proceed further with your request until we receive additional clarification from you on item 5 and receive your written notification of willingness to pay. In accordance with our regulations (43 CFR 2.8(a)(3)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

Once we have received your willingness to pay, we will provide documents to you in batches – all public comments, stock use correspondence, horsemen correspondence, and finally, elected official correspondence.

In accordance with 43 CFR 2.28, you may appeal this response by writing to: Freedom of Information Act Appeals Officer, Department of the Interior, MS 7456, MIB, 1849 C Street NW, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and on the face of the letter.

In addition to myself, David Graber, Senior Science Advisor, who can be reached at 559-565-3173, participated in this decision.

Sincerely,

Richard H. Martin
Superintendent

2

**HIGH
SIERRA
HIKERS
ASSOCIATION**

PO Box 8920, South Lake Tahoe, CA 96158

March 23, 2005

USDI National Park Service
Attn: Freedom of Information Act Officer
Sequoia and Kings Canyon National Parks
47050 Generals Highway
Three Rivers, California 93271

SUBJECT: FREEDOM OF INFORMATION ACT REQUEST

Dear Freedom of Information Act Officer:

The High Sierra Hikers Association (HSHA) is a nonprofit public benefit organization that
requests, pursuant to the Freedom of Information Act, copies of the following:

1.    all comments received by the National Park Service (NPS) in response to the Draft
Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General
Management Plan (DGMP). This request should be construed broadly to include without
limitation written communications (including but not limited to letters, electronic mail
messages, and any exhibits and attachments thereto) and records of oral communications
(including but not limited to transcripts of oral comments received at public meetings or
hearings, and logs of individual communications made in person and by telephone) that
include comments on the DEIS; and

2.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from commercial packstock enterprises that operate within SEKI; and

3.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from the Backcountry Horsemen of California, and from the Backcountry Horsemen
of America, and any and all NPS responses to those communications; and

4.    any and all communications regarding the SEKI GMP and GMP planning process received
by the NPS from elected officials, and any and all NPS responses to those communications; and

5.    all internal NPS communications regarding the DEIS and development of the DGMP that
were created prior to the date of this letter.

The release of this information would contribute significantly to public understanding of the
operations and activities of the government. I am not seeking this information for commercial

purposes, and I will not sell this information. I request that this information be provided free of charge, pursuant to the Freedom of Information Act (FOIA), the Department of Interior's regulations implementing the FOIA, and the Council on Environmental Quality's regulations implementing the National Environmental Policy Act (NEPA). (5 U.S.C. Section 552(a)(4)(A)(iii); 43 CFR Section 2.19; 43 CFR Part 2, Appendix D; 40 CFR Section 1506.6(f)).

Because the comments on the DEIS should already be compiled in one place, it should not be time-consuming or expensive to assemble the requested materials. Again, we request a full fee waiver as allowed by the FOIA and the NEPA. If you anticipate any charge(s), please contact me so that I may confirm, amend, or withdraw my request before you process it and send me a bill. I do not authorize any charges for this information. Additional information supporting our request for a fee waiver is enclosed. If you deny all or any part of this request, please cite each specific document that you believe is exempt, and the exemption you believe justifies your refusal to release the information, and notify me of any appeal procedures available under the law.

As required under the Freedom of Information Act, I look forward to your response within 20 (twenty) working days. Thank you in advance for your attention to this request.

Sincerely yours,

Peter Browning

Enclosure: Justification for Fee Waiver

**Justification for Fee Waiver**
**Responses to DOI Fee Waiver Criteria (43 CFR Part 2, Appendix D)**

**(a) Statutory requirement for granting a fee waiver:**

**(1)** <u>The requested information is likely to contribute significantly to public understanding of the operations and activities of the Government</u>. As detailed below, the requested information will contribute significantly to public understanding of the operations and activities of the Government.

**(2)** <u>The requested information is not primarily in the commercial interest of the requester.</u> As detailed below, the High Sierra Hikers Association (HSHA) has no commercial interest whatsoever in the requested information.

**(b) Specific responses to DOI criteria for granting a fee waiver:**

**(1)** <u>How do the records concern the operations or activities of the Government</u>? The requested information has been gathered by the USDI National Park Service (NPS), a Government agency, to ascertain public opinion about the General Management Plan (GMP) for Sequoia and Kings Canyon National Parks, and the Draft Environmental Impact Statement (DEIS) prepared for that plan. The requested records include the input of all respondents to the Government's DGMP/DEIS. The NPS will utilize the requested records as a basis for modifying its DEIS/DGMP.

**(2)** <u>How will disclosure of the requested records likely contribute to public understanding of these operations and activities?</u> See responses to criteria (i)–(iv), below.
    **(i)** <u>How are the contents of the records informative on the Department's or a bureau's operations and activities? Is there a logical connection between the content of the records and the operations or activities you are interested in?</u> The requested records contain comments, criticisms and suggestions gathered by the NPS regarding its DEIS/DGMP, and other records directly related to the development of the GMP. The HSHA is interested in: (1) the process being used by the NPS to develop its GMP and accompanying EIS; (2) the substance of the comments, criticisms, and suggestions the NPS has received regarding its DGMP/DEIS, and the planning process for the GMP; and (3) to what extent the final decision is reflective of the comments, criticisms, and suggestions received by the Government. The records are directly connected to these interests, and to the HSHA's desire to inform the public-at-large about the comments received by the NPS and how the draft and final GMP are or are not correlated to public opinion and input received from certain interest groups and elected officials.
    **(ii)** <u>How will disclosure of the requested records contribute to the understanding of the public-at-large or a reasonably broad audience of persons interested in the subject?</u> The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and to post its finding on its public website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California

media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor of California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter. The dissemination of this information by the HSHA will thus allow a broad audience to understand the comments, criticisms, and suggestions received or discussed by the Government regarding the DGMP/DEIS, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions.

**(iii)** How do your identity, vocation, qualifications, and expertise support how you plan to disclose the information to a reasonably broad audience of interested persons? The HSHA was founded in 1990, and since that time the HSHA has published a periodic newsletter that is circulated to about 2,000 persons. The HSHA's newsletter is also distributed free of charge to the public-at-large (i.e., to anyone who requests a copy.) The HSHA's members and a significant segment of the public-at-large are keenly interested in management issues at Sequoia-Kings Canyon National Parks (SEKI) and the GMP being developed for those Parks. In addition, the HSHA is in contact with numerous other conservation organizations that are interested in management issues at SEKI, and who are also interested in informing their members, and others, using the updates and analyses provided to them by the HSHA. Furthermore, the HSHA is viewed by the media as a key stakeholder in management issues regarding the High Sierra, and our guest editorials and letters-to-the-editor have been well received.

**(iv)** Do you have the ability and intention to disseminate the information to the general public or a reasonably broad audience of persons interested in the subject? Yes, see responses to A and B, below:

**(A)** How and to whom do you intend to disseminate the information? The HSHA intends to review, synthesize, and summarize the records, and to publish its findings in the newsletter of the HSHA (circulation approx. 2,000), and at the HSHA's publicly available website (www.highsierrahikers.org). Furthermore, the HSHA intends to present its findings at any public hearing(s) on this matter, and to distribute its findings also to environmental news reporters on the staff of major California media outlets. In addition, the HSHA intends to submit guest editorials and/or letters-to-the-editor to California newspapers in order to disseminate the information contained in the requested records. All of these efforts will increase the circulation of this information even beyond the thousands of people who read the HSHA's newsletter.

**(B)** How do you plan to use the information to contribute to public understanding of the Government's operations and activities? The HSHA intends to review, synthesize, and summarize the records, and to disseminate its findings as detailed above. The dissemination of this information by the HSHA will allow a broad audience to understand the comments, criticisms, and suggestions received by the Government regarding SEKI's DGMP/DEIS and the process used to develop the GMP, and also to understand the extent to which the draft and final GMP/EIS are reflective of those comments, criticisms, and suggestions. This will also inform a

broad audience not only about the GMP specifically, but also about on-going natural resource management issues at SEKI.

**(3) If there is likely to be a contribution to public understanding, will release of the requested records contribute significantly to public understanding?** Yes; see responses to criteria (i)–(iv), below.

    **(i) Is the information being disclosed new?** Yes, this is new information assembled and created by the NPS in its effort to adopt new direction for management of recreation activities and natural resources at SEKI. The information is thus both new and very significant.

    **(ii) Does the information being disclosed confirm or clarify data which has been released previously?** No such data has been released previously, and the requested records are unique. The information is therefore very significant.

    **(iii) How will disclosure increase the level of public understanding of the operations or activities of the Department or a bureau that existed prior to disclosure?** The information will reveal, describe, and explain regulations and other actions taken by the NPS to manage recreational uses and natural resources at SEKI, and how those regulations and other management actions (i.e., operations and activities of the NPS) have affected, and will affect, natural resources and the experience of park visitors.

    **(iv) Is the information already publicly available?** No. The Government has not previously published the information, and it is not routinely available to the public in any library, reading room, or over the Internet.

**(4) Would disclosure be primarily in your commercial interest?** No. As described below, the HSHA has no commercial interest whatsoever in the requested information.

    **(i) Do you have a commercial interest that would be furthered by disclosure?** No. The HSHA has no commercial, trade, or profit interest in the requested information.

    **(ii) If you do have a commercial interest that would be furthered by disclosure, would disclosure be primarily in that interest?** This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

    **(iii) How does your identity, vocation, and the circumstances surrounding your request relate to your commercial interest?** This question is not applicable to our request. The HSHA has no commercial, trade, or profit interest in the requested information.

    **(A) If you are a representative of a news media organization seeking information as part of the news gathering process, we will presume that the public interest outweighs your commercial interest.** This does not apply to our request. The HSHA is not a news media organization. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.

    **(B) If you represent a business/corporation/association, or you are an attorney representing such an organization, we will presume that your commercial interest outweighs the public interest unless you demonstrate otherwise.** This does not apply to our request. The HSHA is a non-profit public-benefit organization and has no commercial, trade, or profit interest in the requested information.

**EXHIBIT D**

# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:
**FOIA Appeal No. 2006-002**

**NOV  - 1** 2005

Peter Browning
High Sierra Hikers Association
P.O. Box 8920
So. Lake Tahoe, CA 96518

Dear Mr. Browring:

This responds to the September 30, 2005, Freedom of Information Act ("FOIA") appeal ("appeal") that you filed with the Department of the Interior ("Department") on behalf of High Sierra Hikers Association ("HSHA"), which was received on October 3, 2005. The Department has assigned your appeal as **Appeal Number 2006-002**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

Your appeal concerns a March 23, 2005, FOIA request that you submitted to Sequoia and Kings Canyon National Parks ("SEKI"), National Park Service ("NPS"), which generally seeks documents concerning the Draft Environmental Impact Statement for the SEKI Draft General Management Plan. You also requested a fee waiver and submitted a three-page "Justification for [a] Fee Waiver" that addressed all of the fee waiver criteria set forth in Appendix D of the Department's FOIA regulations, as FOIA requesters seeking fee waivers are required to do. *See 43 C.F.R. Part 2, Appendix D.* Although SEKI advised you of the estimated fees associated with processing your FOIA request, it did not make a determination on your request for a fee waiver, as the Department's FOIA regulations ("regulations") require it to do. *See 43 C.F.R. § 2.19.* Since several letters that you sent to SEKI advising it of its error in not making a determination on the fee waiver did not resolve the issue, you ultimately submitted your fee waiver request to the NPS's Pacific West Regional Office ("NPS-PWRO"), which is the regional area in the NPS where SEKI is located.

On August 23, 2005, NPS-PWRO denied your fee waiver, stating, "[y]ou have shown no evidence of what additional steps you plan to take to guarantee that providing any records to your group will significantly contribute to the public understanding of the operations or activities of the Government beyond that which the park has taken over the course of the past ten years." However, NPS-PWRO did not provide you with the "full explanation" of why the fee waiver request did not meet the fee waiver criteria set forth in Appendix D of the regulations, as it was required by the regulations to do. *See 43 C.F.R. § 2.19(c)(1).*

After reviewing the fee waiver justification that you submitted with your March 23, 2005, FOIA request in support of HSHA's entitlement to a fee waiver, the Department

concludes that you have provided sufficient information to demonstrate that the fee waiver request meets both parts of the statutory requirement for fee waivers. *See 5 U.S.C. § 552(a)(4)(A)(iii)*. Because there is no countervailing evidence on the record before the Department, the fee waiver is granted.

Since the Department has granted the fee waiver and, thus, has resolved all issues related to fees, **by copy of this letter the NPS is directed to proceed with the processing of the FOIA request.** *See 5 U.S.C. § 552(a)(6)(A)(i)* (requiring an agency to determine within 20 workdays after the receipt of a FOIA request whether it will comply with such a request (i.e., grant or deny the request (or any portion thereof)). *See also 43 C.F.R. § 2.31(b)(6)*.

As a final matter, the Department notes that there were several procedural deficiencies in SEKI's processing of the fee waiver request. Although the Department has granted the fee waiver and, thus, resolved this appeal, these procedural deficiencies warrant further discussion to assist the NPS and SEKI in ensuring that such errors do not occur in the future.

First, as noted above, SEKI did not make a determination on your request for a fee waiver, as the regulations require a bureau to do. *See 43 C.F.R. § 2.19(a)* (stating "the bureau must make a determination on the fee waiver request within the [20 workday] statutory time limit [set in the FOIA]...") (emphasis added). SEKI advised you that it could not decide the fee waiver because "[a]t the park level, we are not authorized to approve a fee waiver over $25.00 nor are we authorized to deny any fee waiver request..." SEKI further advised you to send your fee waiver request to the FOIA Appeals Office for it to decide whether HSHA is entitled to a fee waiver, as it believes that this Office makes the initial decision to approve or deny requests for fee waivers. On May 31, 2005, you wrote to SEKI regarding its instructions here, stating, in relevant part, "[w]e assume this means that you have forwarded our March 23 request for a full fee waiver, plus supporting materials, to some other NPS official who will make a formal determination regarding our request for a fee waiver. If you have not done so, I request that you do so, at your earliest convenience." By letter dated June 6, 2005, SEKI replied that "[y]our assumption that we have forwarded your request for a fee waiver to higher headquarters is in error. **The person or group requesting the waiver must forward the request** and all background material to the Department of the Interior as instructed in 43 C.F.R. 2.28. We cannot request a waiver for you or your group." (emphasis in original).

However, as you correctly pointed out to SEKI, the FOIA Appeals Office does not make the initial determination on a FOIA requester's entitlement to a fee waiver. Rather, the FOIA Appeals Office reviews, among other things, appeals of bureaus' decisions denying fee waiver requests. *See 43 C.F.R. § 2.28(a)(6)*. A bureau's advice to a FOIA requester to submit an appeal to this Office under the procedures set forth in 43 C.F.R. § 2.28 (which is entitled "When may I file an appeal?") is appropriate when a bureau has taken or failed to take certain actions required by the FOIA or the regulations in response to a FOIA request, e.g., when "[a] fee waiver has been denied." *See Id.* Further, to the extent the NPS has implemented an internal process for deciding requests for fee waivers, e.g.,

2

only its Regional Offices can make the determinations on requesters' entitlements, the National Park area that receives a FOIA request seeking a fee waiver must forward that request to the NPS official with the authority to decide such a matter. There is nothing in the regulations requiring a FOIA requester to submit his request for a fee waiver to anyone other than the FOIA Contact at the bureau where he believes the records are maintained, as you properly did in this case by submitting your fee waiver request to the FOIA Contact at SEKI. *See 43 C.F.R. § 2.8(b)* (entitled "What information do I include in my request?" – "Fee Information"); *43 C.F.R. 2.10(b)* (advising requesters to "[s]ubmit [their] request[s] in writing to the FOIA Contact at the bureau [or] office where [they] believe the records are maintained.").

SEKI also improperly calculated the fees associated with processing your FOIA request. SEKI's letters providing you with its estimates of the fees improperly noted that "[t]he first one hundred copies" and "first hour of search time" "in response to any FOIA are free." However, since there is nothing on the record before the Department indicating that HSHA should be categorized as anything other than an "other" requester for the purpose of assessing fees, HSHA is entitled to two hours of search at no charge. *See 5 U.S.C. § 552(a)(4)(A)(iv)(II)* and *43 C.F.R. § 2.17(a)(4)* (both explaining which FOIA requesters are classified as "other" requesters). *See also 5 U.S.C. § 552(a)(4)(A)(ii)(I), (II), (III)* and *43 C.F.R. § 2.17(a)(1) – (4)* (both identifying the types of fees an agency can assess against four categories of requesters and, for three of those categories, their entitlements to review time without charge and specific amounts of search time and duplication fees without charge). Moreover, the Department notes that there is nothing in the FOIA or the regulations providing any category of requester with one hour of search without charge, as SEKI erroneously cited in its letter to you. In addition, FOIA requesters classified as "commercial-use" requesters are not entitled to processing of any portion of their FOIA requests without charge. *Id.*

Finally, SEKI advised you that it "charge[d] $49 per hour for records sought under items 2 – 4 [of the FOIA request] because they are located in managerial files." However, the fact that responsive documents are located in "managerial files" is not the standard for SEKI to follow when deciding which rate of search fees identified in the Department's FOIA fee schedule ("fee schedule") to assess against a requester. The regulations state that "[s]earches will be conducted in the most efficient and least expensive manner, so as to minimize the costs for both you and the bureau." *See 43 C.F.R. § 2.16(c)*. Where SEKI can justify that the most efficient manner for it to conduct a search for documents that are responsive to a FOIA request is for an employee whose pay grade falls within the "managerial" category on the fee schedule, it may assess search fees at the "managerial" rate. SEKI's statement that it assessed fees at the managerial rate because responsive documents are "located in managerial files" is not sufficient to justify its assessment of the search fees at this rate.

The Department has orally discussed the above deficiencies with the NPS's FOIA Officer and has been reassured that the NPS will take steps to ensure that SEKI does not commit such processing errors in the future. The Department and the NPS apologize for any inconvenience or confusion caused by the above deficiencies.

3

This completes the Department's response to your appeal. If you have any questions, you may call me at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Diane Cooke, FOIA Officer, NPS (**FOR FURTHER ACTON**)
    Robin Friedman, Acting Assistant Solicitor-GLS, SOL-DGL
    Alexandra Mallus, Departmental FOIA Officer

4

**EXHIBIT E**



# United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807



IN REPLY REFER TO:

A7221(PWR-C)

`JAN 0 5 2006`

Mr. Peter Browning
High Sierra Hikers Association
PO Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is an interim response to you concerning your June 23, 2005, Freedom of Information Act
(FOIA) request concerning records at Sequoia National Park and its draft General Management
Plan. You appealed our decision to not provide you a fee waiver.

We are in receipt of the November 1, 2005, response from the FOIA Appeals Officer who
concluded that you provided sufficient information to demonstrate that the fee waiver request
meets the statutory requirements for fee waivers. It directs us to proceed with the processing of
your original March 23, 2005, FOIA request.

Your request sought:

1. "all comments received by the NPS in response to the Draft Environmental Impact
   Statement for the Sequoia and Kings Canyon Draft General Management Plan...
2. "any and all communications regarding the SEKI GMP and SMP planning process
   received by the NPS from commercial packstock enterprises that operate within SEKI...
3. "any and all communications regarding the SEKI GMP and GMP planning process
   received by the NPS from the Backcountry Horsemen of California, and from the
   Backcountry Horsemen of America, and any and all NPS responses to those
   communications...
4. "any and all communications, and any and all NPS responses to those communications...
5. "all internal NPS communications regarding the DEIS and development of the DGMP
   that were created prior to the date of this letter."

The public comments to the draft GMP are responsive to items 1- 4, and are being mailed to you
under separate cover.

Email files of GMP coordinator David Graber and Denver Service Center Planner Susan Spain
are being reviewed for responsive documents to item 5. The records include several large
archived email files. We anticipate having this analysis completed by February 15, 2006.



TAKE PRIDE®
IN AMERICA

You have the right to appeal this decision by writing to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, DC 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter (Saturday, Sunday, and public holidays excepted). A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter.

In addition to myself, FOIA Officer Holly Bundock, who can be reached at 510-817-1320, and Field Solicitor Barbara Goodyear participated in this decision. Please do not use email to correspond with us on this issue.

Sincerely,

Jonathan B. Jarvis
Regional Director, Pacific West Region

**EXHIBIT  F**



# HIGH
# SIERRA
# HIKERS
# ASSOCIATION

PO Box 8920  So. Lake Tahoe  CA  96158

February 14, 2006

Freedom of Information Act Appeals Officer
U.S. Department of the Interior
MS-7456, MIB
1849 C Street NW
Washington, D.C. 20240

## SUBJECT:  FREEDOM OF INFORMATION ACT APPEAL

Dear Freedom of Information Act Officer:

This is an appeal under the Freedom of Information Act (FOIA).  This letter is to appeal, pursuant to 43 CFR Section 2.28, the response of the National Park Service, Pacific West Region (the "Regional Office"), to our March 23, 2005, FOIA request.

On September 30, 2005, we appealed the decision of the Regional Office to deny a fee waiver that we requested under the FOIA.  That appeal (Appeal Number 2006-002) was resolved by your office on November 1, 2005.  We very much appreciate your time in resolving that appeal, and we regret having to file another appeal at this time.

### Issue 1: The Regional Office did not respond in the time required by law.

Your appeal decision dated November 1, 2005, instructed the Regional Office to respond to our FOIA request within twenty (20) workdays of your letter.  However, we did not hear anything from the Regional Office until more than two months later.  The law requires a written determination from the Regional Office as to whether or not it will comply with a FOIA request within 20 workdays. *See 5 U.S.C. Section 552(a)(6)(A)(i).*  On January 9, 2006, we received a brief letter from the Regional Office (the "January 5 Response") (copy enclosed) along with a small portion of the documents we requested.

### Issue 2: The Regional Office's response does not provide the determination required by statute and regulation.

The Regional Office's January 5 Response does not comply with the law because it does not contain a written determination as to whether or not the Regional Office will comply with our

FOIA request. Instead, its response states vaguely that the Regional Office will provide certain identified documents in response to four of our five requests, without stating whether (i) the identified documents constitute all of the responsive documents in the Regional Office's files, or (ii) the Regional Office intends to withhold any documents or records described in our March 23, 2005 request. Because the Regional Office's response does not allow us to determine whether, in fact, the Regional Office intends to comply with our March 23 request, its response does not comply with the applicable law. *See 5 U.S.C. Section 552(a)(6)(A)(i) and 43 CFR Section 2.31(b)(6).*

**Issue 3: The materials provided are not fully responsive to our request, items 1-4.**

The materials that the Regional Office agreed to produce in response to our FOIA request appear to constitute only a portion of the records described by items #1 through #4 of our request. Although our items #2 through #4 seek records of communications between the NPS and commercial packstock enterprises, private horsemen's groups, and elected officials, from the time that SEKI's GMP planning process began until the date of our FOIA request, the Regional Office agreed to provide only the public comments on the draft General Management Plan (DGMP) for Sequoia and Kings Canyon National Parks (SEKI) that were received by the NPS during the formal comment period on the DGMP (from May through October of 2004). While these public comments are described by item #1 of our FOIA request, they do not comply with items #2 through #4 of our request. Our FOIA request plainly covers documents generated and communications that occurred during the entire time period of SEKI's GMP planning process, and is not limited to the narrow period constituting the formal comment period on the DGMP.

The Regional Office stated in a letter to the High Sierra Hikers Association that: *"The park has worked on a draft plan for about 10 years."* (That letter is dated Aug 23, 2005, and a copy is included in the file for Appeal Number 2006-002.) Clearly, the Regional Office possesses records of communications with commercial packstock enterprises, private horsemen's groups, and/or elected officials that regard the GMP planning process and that occurred during the many years both before and after the DGMP comment period of May through October of 2004. These requested records must be provided, or the reasons for withholding them must be identified.

**Issue 4: The response from the Regional Office indicates that the materials to be provided for item 5 will not be fully responsive to our request.**

Our March 23, 2005 FOIA request seeks (in part):

> 5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter.

The Regional Office's January 5 Response states that the Regional Office is searching only the email files of two employees. This is not sufficient to fully respond to our request. Our request includes all internal NPS communications regarding the DEIS and development of the DGMP, not simply the email records of two employees.

Freedom of Information Act Appeals Officer, page 3 of 3

**Summary and Conclusion**

The Regional Office has not responded to our March 23, 2005 FOIA request within the time prescribed by law. Not one of its several "responses" to date has provided the written determination required by the Freedom of Information Act. Nor has the Regional Office produced the materials sought by our request. Finally, the January 5 Response appears to indicate that the documents and records the Regional Office has agreed to provide in response to our request do not constitute a complete and adequate response under the law. As a result, we respectfully request that the Appeals Officer take all necessary action(s) to remedy the deficiencies in the Regional Office's January 5 response identified in this appeal.

We appreciate very much your time, and we thank you for your consideration. If you have any questions regarding this appeal, please contact me at the letterhead address, or via e-mail at president@highsierrahikers.org or via telephone at (925) 283-3184.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association

Enclosure: Jan 05, 2006 letter from NPS

**EXHIBIT  G**



# United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807



IN REPLY REFER TO:

A7221(PWR-C)

**FEB 2 3 2006**

Mr. Peter Browning
High Sierra Hikers Association
PO Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is a final response concerning your March 23, 2005, Freedom of Information Act (FOIA) request for records at Sequoia National Park and concerning its draft General Management Plan (GMP).

You sought:

1. "all comments received by the NPS in response to the Draft Environmental Impact Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General Management Plan...
2. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from commercial packstock enterprises that operate within SEKI...
3. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from Backcountry Horsemen of California, and from the Backcountry Horsemen of America, and any and all NPS responses to those communications....
4. "any and all communications regarding the SEKI GMP and GMP planning process received by the NPS from elected officials, and any and all NPS responses to those communications....
5. "all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter."

You should have received copies of all public comments to the draft GMP and our January 5, 2006, transmittal letter. These comments are responsive to items 1 – 4.

This letter addresses item 5. Email records of planning team leaders Dave Graber and Susan Spain have been reviewed. We have printed these records which total about 5,000 pages. Our original estimate to you was 8,500 pages. These records are transmittals of draft statements, opinions, and conversations about the preparation of the draft General Management Plan and



between these two individuals. Park staff occasionally is included in the transmittals. These records are withheld under exemption 5 of the FOIA (5 USC 552(b)(5)).

Exemption 5 is designed to protect those inter-agency and intra-agency memorandums or letters which would not be available by law to a party in litigation with the agency. The purpose of this exemption is to encourage open and frank discussions on matters of policy between subordinates and superiors, to protect against premature disclosure of proposed policies before they are finally adopted, and to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

Some of these emails contain news articles, contracts, and communications with individuals outside of the National Park Service. These records are enclosed, redacted of personal addresses, in accordance with exemption 6 of the FOIA.

The Department maintains that an individual has a personal privacy interest in this information. We do not perceive, nor have you enunciated any public interest that would be served in disclosing this data which would outweigh the privacy interest of the subject individuals. Therefore, sound grounds exist for withholding the information pursuant to exemption 6 of the FOIA (5 USC 552 (b)(6)) which permits an agency to withhold "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

This completes the search and evaluation of the records responsive to your FOIA request. In addition to myself, FOIA Officer Holly Bundock, who can be reached at 510-817-1320, and Assistant Field Solicitor Paula Lee, participated in this decision.

You have the right to appeal this decision by writing to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter or 30 workdays after receipt of any records that are provided to you. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and the face of the letter.

Sincerely,

Jonathan B. Jarvis
Regional Director, Pacific West Region

Enclosures

**EXHIBIT H**



**EXHIBIT I**



# HIGH
# SIERRA
# HIKERS
# ASSOCIATION

PO Box 8920, South Lake Tahoe, CA 96158

March 31, 2006

Freedom of Information Act Appeals Officer
U.S. Department of the Interior
MS-7456, MIB
1849 C Street NW
Washington, D.C. 20240

SUBJECT: FREEDOM OF INFORMATION ACT APPEAL

Dear Freedom of Information Act Officer:

This is an appeal under the Freedom of Information Act (FOIA). This letter is to appeal,
pursuant to 43 CFR Section 2.28, the response of the National Park Service, Pacific West Region
(the "Regional Office"), to our March 23, 2005, FOIA request.

On September 30, 2005, we appealed the decision of the Regional Office to deny a fee waiver
that we requested under the FOIA. That appeal (Appeal Number 2006-002) was resolved by
your office on November 1, 2005. We very much appreciate your time in resolving that appeal,
and we regret having to file another appeal at this time.

On February 14, 2006, we filed a second appeal, requesting your review of the Regional Office's
January 5, 2006 partial response to our FOIA request. That appeal (Appeal Number 2006-088)
remains unresolved at this date. (We did receive your February 15 letter acknowledging receipt
of our second appeal, but have not, to date, received your decision on that second appeal.)

Subsequent to filing our second appeal, we received a "final response" from the Regional
Office. The Regional Office's "final response" is dated February 23, 2006 (copy enclosed); it was
postmarked March 3, 2006, and received by us on March 6, 2006. This letter is therefore our
third appeal, and hereby appeals the Regional Office's so-called "final response" dated
February 23, 2006.

## Issue 1: The Regional Office did not respond in the time required by law.

Your appeal decision dated November 1, 2005, instructed the Regional Office to respond to our
FOIA request within twenty (20) workdays of your letter. However, we did not hear <u>anything</u>

from the Regional Office until more than two months later. The law requires a written determination from the Regional Office within 20 workdays as to whether or not it will comply with a FOIA request. *See 5 U.S.C. Section 552(a)(6)(A)(i).* On January 9, 2006, we received a brief letter from the Regional Office (the "January 5 Response") (see Appeal Number 2006-088) along with a small portion of the documents we requested. On February 23, 2006, we received another brief letter from the Regional Office (the "February 23 Response") (copy enclosed) claiming to be the Regional Office's "final response," along with a small portion of the documents we requested. It has now been more than a year (March 23, 2005) since we first requested certain records, and the Regional Office has failed to comply with statutory and regulatory time lines at every step in this process.

## Issue 2: The Regional Office's response does not provide the determination required by statute and regulation.

The Regional Office's February 23 Response does not comply with the law because it claims to constitute a "final response" even though the Regional Office has never provided a written determination stating whether (i) the identified documents constitute all of the responsive documents in the Regional Office's files, or (ii) the Regional Office intends to withhold documents or records described in each category of our March 23, 2005 request. Because the Regional Office's response does not allow us to determine whether, in fact, the Regional Office intends to comply with our March 23, 2005 request, its response does not comply with the applicable law. *See 5 U.S.C. Section 552(a)(6)(A)(i) and 43 CFR Section 2.31(b)(6).*

## Issue 3: The materials provided by the Regional Office are not fully responsive to our request, items 1-4.

The materials that the Regional Office produced in response to our FOIA request constitute only a small portion of the records described by our request. Although our items #2 through #4 seek records of communications between the NPS and commercial packstock enterprises, private horsemen's groups, and elected officials, from the time that SEKI's GMP planning process began until the date of our FOIA request, the Regional Office provided only the public comments on the draft General Management Plan (DGMP) for Sequoia and Kings Canyon National Parks (SEKI) that were received by the NPS during the formal comment period on the DGMP (from May through October of 2004). While these public comments are described by item #1 of our FOIA request, they do not comply with items #2 through #4 of our request. Our FOIA request (items #2 through #4) plainly covers documents generated and communications that occurred during the entire time period of SEKI's GMP planning process, and is not limited to the narrow period constituting the formal comment period on the DGMP.

The Regional Office stated in a letter to the High Sierra Hikers Association that: *"The park has worked on a draft plan for about 10 years."* (That letter is dated Aug 23, 2005, and a copy is included in the file for Appeal Number 2006-002.) Clearly, the Regional Office possesses records of communications with commercial packstock enterprises, private horsemen's groups, and/or elected officials that regard the GMP planning process and that occurred during the many years both before and after the DGMP comment period of May through October of 2004.

These requested records must be provided, or the reasons for withholding them must be identified.

**Issue 4: The materials provided by the Regional Office are not fully responsive to our request, item 5.**

Item number 5 of our March 23, 2005 FOIA request seeks (in part):

5. all internal NPS communications regarding the DEIS and development of the DGMP that were created prior to the date of this letter.

The Regional Office's February 23 Response provided records <u>only</u> from the email files of two employees. This is not sufficient to fully respond to our request. Our request includes <u>all</u> internal NPS communications regarding the Draft Environmental Impact Statement (DEIS) and development of the DGMP, not simply the email records of two employees. Any other records (in addition to email records) of those two employees also must be provided, or the reasons for withholding them must be identified. Further, records generated or possessed by <u>other</u> NPS employees (in addition to the two employees mentioned) must be provided, or the reasons for withholding them must be identified.

**Issue 5: The Regional Office has not provided records that are reasonably segregable, item 5.**

The Regional Office's February 23 Response states that approximately 5,000 pages of records were located responsive to our item number 5. Of those 5,000 pages, only about 200 pages were provided to us, meaning that approximately 4,800 pages were withheld. The February 23 Response claims broadly that all 4,800 withheld pages are withheld under exemption 5 of the FOIA.

The FOIA requires that any reasonably segregable portion of a record must be provided after deletion of the portions that are exempt. *See 5 U.S.C. Section 552(b).* It stretches credibility to the breaking point for the Regional Office to claim that there is no reasonably segregable portion of any of those 4,800 pages that would be responsive to our request but not fall under exemption 5 of the FOIA.

## Summary and Conclusion

The Regional Office has not responded to our March 23, 2005 FOIA request within the time prescribed by law. Not one of its several "responses" to date has provided the written determination required by the Freedom of Information Act. Nor has the Regional Office produced the materials sought by our request. The Regional Office repeatedly ignores and/or misunderstands our clearly written request, and in doing so it has improperly limited its search and production of documents. As a result, we respectfully request that the Appeals Officer take all necessary action(s) to remedy the deficiencies in the Regional Office's January 5 and February 23 responses identified in this appeal.

We appreciate very much your time, and we thank you for your consideration. If you have any questions regarding this appeal, please contact me at the letterhead address or via telephone at (925) 283-3184.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association

Enclosure: Feb 23, 2006 letter from NPS

**EXHIBIT  J**

United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

FOIA Appeal No. 2006-088

APR 18 2006

Peter Browning
High Sierra Hikers Association
P.O. Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This concerns the February 14, 2006, Freedom of Information Act ("FOIA") appeal ("appeal") (**No. 2006-088**) that you filed with the Department of the Interior ("Department"). Your appeal concerns the NPS's January 5, 2006, "interim response" to your March 23, 2005, FOIA request, which sought five categories of documents pertaining to the Draft General Management Plan for Sequoia & Kings Canyon National Parks.   The NPS's January 5, 2006, interim response addressed items 1 through 4 of the FOIA request. The NPS also advised you in this letter that it was reviewing the e-mail files of two of its employees to locate documents that are responsive to item 5 of the FOIA request and that it anticipated completing this review by February 15, 2006. Your appeal first challenges the NPS's failure to fully respond to your March 23, 2005, FOIA request within the time limits set in the FOIA.  *See 5 U.S.C. § 552(a)(6)(A)(i)* (requiring an agency to determine within 20 workdays after the receipt of a FOIA request whether it will comply with such a request (i.e., grant or deny the request (or any portion thereof)). You next challenge in the appeal the completeness of the NPS's January 5, 2006, interim response to items 2 through 4 of the FOIA request – you state the NPS only provided you with a portion of the materials that are responsive to these items. Finally, you question in your appeal whether the NPS will provide you with all of its disclosable documents that are responsive to item 5 of your FOIA request, as you imply that the e-mail files the NPS advised you that it was reviewing do not contain all of the documents that are responsive to this item of the FOIA request.

With respect to the portion of your appeal related to the NPS's failure to fully respond to your FOIA request within the time limits set in the FOIA, the NPS issued its final response to you on February 23, 2006 (a copy of which is attached), which resolves this issue in the appeal.

As for your challenges to the portions of the NPS's January 5, 2006, interim response that address items 2 through 5 of the FOIA request, the Department concludes that you prematurely raised these issues in connection with this appeal. When you filed this appeal, the NPS had not made its final decision on what documents it would release in response to your FOIA request. Therefore, logically, its January 5, 2006, interim response was not complete.  The appropriate time to raise any challenges in a FOIA appeal concerning the completeness of the NPS's response to items 2 through 5 of the FOIA request would be after the NPS issues its final response to the matter, as the NPS's final response to the FOIA request could resolve all of the

issues you raised on these items. Therefore, the only issue that is properly before the Department in this appeal is the NPS's failure to fully respond to your FOIA request within the time limits set in the FOIA, which has been resolved. Accordingly, the Department will not take any action on your challenges in this appeal related to the completeness of the NPS's January 5, 2006, interim response to items 2 through 5 of the FOIA request.

The Department notes that the NPS's February 23, 2006, final response to the FOIA request advised you of your right to file an appeal of its determination, which you did by letter dated March 31, 2006. The new appeal, which the Department has assigned as Appeal Number 2006-118, challenges the completeness of the NPS's final response to items 2 through 5 of the FOIA request. The Department will address the issues you raise in this new appeal in separate correspondence to you.

This completes the Department's response to Appeal Number 2006-088. If you have any questions, please call LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Diane Cooke, FOIA Officer, NPS
    Alexandra Mallus, Departmental FOIA Officer

2

Bundo____
Jarvis

A7221(PWR-C)                    FEB 2 3 2006

Mr. Peter Browning
High Sierra Hikers Association
PO Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This is a final response concerning your March 23, 2005, Freedom of Information Act (FOIA)
request for records at Sequoia National Park and concerning its draft General Management Plan
(GMP).

You sought:

1.  "all comments received by the NPS in response to the Draft Environmental Impact
    Statement (DEIS) for the Sequoia & Kings Canyon (SEKI) Draft General Management
    Plan...

2.  "any and all communications regarding the SEKI GMP and GMP planning process
    received by the NPS from commercial packstock enterprises that operate within SEKI...

3.  "any and all communications regarding the SEKI GMP and GMP planning process
    received by the NPS from Backcountry Horsemen of California, and from the
    Backcountry Horsemen of America, and any and all NPS responses to those
    communications....

4.  "any and all communications regarding the SEKI GMP and GMP planning process
    received by the NPS from elected officials, and any and all NPS responses to those
    communications....

5.  "all internal NPS communications regarding the DEIS and development of the DGMP
    that were created prior to the date of this letter."

You should have received copies of all public comments to the draft GMP and our January 5,
2006, transmittal letter. These comments are responsive to items 1 – 4.

This letter addresses item 5. Email records of planning team leaders Dave Graber and Susan
Spain have been reviewed. We have printed these records which total about 5,000 pages. Our
original estimate to you was 8,500 pages. These records are transmittals of draft statements,
opinions, and conversations about the preparation of the draft General Management Plan and

between these two individuals. Park staff occasionally is included in the transmittals. These records are withheld under exemption 5 of the FOIA (5 USC 552(b)(5)).

Exemption 5 is designed to protect those inter-agency and intra-agency memorandums or letters which would not be available by law to a party in litigation with the agency. The purpose of this exemption is to encourage open and frank discussions on matters of policy between subordinates and superiors, to protect against premature disclosure of proposed policies before they are finally adopted, and to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

Some of these emails contain news articles, contracts, and communications with individuals outside of the National Park Service. These records are enclosed, redacted of personal addresses, in accordance with exemption 6 of the FOIA.

The Department maintains that an individual has a personal privacy interest in this information. We do not perceive, nor have you enunciated any public interest that would be served in disclosing this data which would outweigh the privacy interest of the subject individuals. Therefore, sound grounds exist for withholding the information pursuant to exemption 6 of the FOIA (5 USC 552 (b)(6)) which permits an agency to withhold "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

This completes the search and evaluation of the records responsive to your FOIA request. In addition to myself, FOIA Officer Holly Bundock, who can be reached at 510-817-1320, and Assistant Field Solicitor Paula Lee, participated in this decision.

You have the right to appeal this decision by writing to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street NW, MS-7456, MIB, Washington, D.C. 20240. Your appeal must be in writing and received no later than 30 workdays after the date of this letter or 30 workdays after receipt of any records that are provided to you. A copy of your original request and this letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error. The appeal should be marked "Freedom of Information Appeal" both on the envelope and the face of the letter.

Sincerely,

JONATHAN B. JARVIS

Jonathan B. Jarvis
Regional Director, Pacific West Region

Enclosures

bcc:    Supt., SEKI

FNP:HBundock:rh:2/23/2006:510-817-1320:c:\doc\foi\browning2

**EXHIBIT  K**



United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2006-2006-118

APR 2 0 2006

Peter Browning
High Sierra Hikers Association
PO Box 8920
South Lake Tahoe, CA 96158

Dear Mr. Browning:

This concerns your March 31, 2006, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on April 7, 2006.  The Department has assigned your appeal as **Appeal Number 2006-118**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal.  *5 U.S.C. § 552(a)(6)(A)(ii)*.  The Department will make every effort to reach a decision on your appeal within this time limit.

If you have any questions regarding your appeal, you may contact Selena Robinson at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

**EXHIBIT L**

# HIG
# SIERRA
# HIKERS
# ASSOCIATION

PO Box 8920, South Lake Tahoe, CA 96158

May 23, 2007

Darrell R. Strayhorn
FOIA Appeals Officer
U.S. Department of the Interior
MS-6556, MIB
1849 C Street NW
Washington, DC 20240

Dear Freedom of Information Act Officer:

This letter is in reference to **Appeal Number 2006-118.**

On March 23, 2005 the High Sierra Hikers Association (HSHA) sent a FOIA request to Sequoia and Kings Canyon National Parks. Included with this request was a Justification for Fee Waiver. The National Park Service, Pacific West Region ("Regional Office") denied the fee waiver. On September 30, 2005 we appealed that decision. That appeal (**Appeal Number 2006-002**) was resolved by your office on November 1, 2005, and we appreciate your response to that appeal.

On February 14, 2006 we filed a second appeal, requesting your review of the Regional Office's January 5, 2006 partial, highly unsatisfactory response to our FOIA request. (See our letter to your office dated March 31, 2006.)

We did not hear anything from your office for **another eleven months.** On February 26 of this year I received a telephone message from Ms. LaRima Lane in your office, wanting to know if we were still interested in pursuing our appeal. I returned her call on February 27, and assured her in no uncertain terms that the HSHA did indeed wish to pursue the appeal, and that we were appalled that we had been ignored and denied for such an incredible length of time. Ms. Lane said that our appeal would be dealt with as soon as possible, and that we would hear from your office in no more than twenty days. Nearly another two months have gone by, and we have heard nothing.

It is unconscionable that we should have been subjected to such treatment. The failure of the Regional Office of the National Park Service and of your office to respond in an appropriate and timely manner to our FOIA request violates the law governing such requests. (For details, I refer you again to our letter of March 31, 2006.)

We submitted our initial FOIA request **more than two years ago.** That request has not been satisfied, nor has it been responded to in the manner prescribed by law. We desire an immediate response to this letter, and a timely resolution of our FOIA request.

If you have any questions regarding this letter, please contact me at the letterhead address, or by telephone at (925) 283-3184.

Sincerely yours,

Peter Browning
President, High Sierra Hikers Association

**EXHIBIT  M**

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

December 4, 2007

Writer's Direct Contact
415.268.6298
JBollock@mofo.com

Via U.S. Mail

Darrell R. Strayhorn
FOIA Appeals Officer
U.S. Department of the Interior
MS-6556, MIB
1849 C Street, NW
Washington, D.C. 20240

Re:     **FOIA Appeal Number 2006-118**

Dear Mr. Strayhorn:

This letter is in reference to the Freedom of Information Act (FOIA) request filed by the
High Sierra Hikers Association (HSHA) on March 23, 2005.

In its FOIA request, the HSHA sought five categories of documents from the National Park
Service (NPS) regarding the Sequoia & Kings Canyon National Parks' General Management
Plan. After the HSHA's first appeal was resolved in its favor by your office, the NPS issued
a partial response to the request on January 5, 2006. The HSHA filed a second appeal of that
partial response on February 14, 2006. Subsequently, the NPS issued a "final response" on
February 23, 2006 (postmarked March 3). The NPS's "final response" was incomplete and
inadequate, which the HSHA explained in its third appeal, filed on March 31, 2006. In your
letter to Mr. Peter Browning of the HSHA, dated April 18, 2006, you acknowledged receipt
of the HSHA's third appeal, assigned an appeal number (2006-118), and stated that the third
appeal would be addressed in separate correspondence. Nineteen months have passed,
however, and the HSHA has received no response from your office.

The only communication received by the HSHA regarding its third appeal was a telephone
call from Ms. LaRima Lane of your office on February 26, 2007, inquiring whether the
HSHA still wished to pursue its appeal. On February 27, 2007, Mr. Browning spoke to
Ms. Lane and informed her that the HSHA is still pursuing its third appeal. During that
conversation, Ms. Lane assured Mr. Browning that the appeal would be addressed within
20 days. No response was received. On May 23, 2007, Mr. Browning sent a letter to you
summarizing these events and requesting a response. Yet six months later, your office still
has not responded.

Darrell R. Strayhorn
U.S. Department of the Interior
December 4, 2007
Page Two

As you know, pursuant to FOIA, the Department of the Interior's FOIA regulations, and its internal FOIA policies, the Department has 20 workdays to respond to an appeal or inform the requester that an extension is necessary. *See* 5 U.S.C. § 552(a)(6)(A); 43 C.F.R. § 2.32. If the Department requires an extension, it must notify the requester, state the reason for the extension, and also inform the requester of the anticipated date of the response. *See* 5 U.S.C. § 552(a)(6)(B); 43 C.F.R. § 2.32; U.S. Department of the Interior, Freedom of Information Act Handbook ¶ 3.10 (2004), *available at* http://www.doi.gov/foia/handbook_2004.pdf.

The regulations and internal policies also require that the Department "make every effort to keep requesters apprised of the status of their requests." Freedom of Information Act Handbook ¶ 3.10. When the Department is unable to issue a decision on an appeal within 20 workdays, the FOIA Appeals Officer must send a letter to the appellant advising of the status of the FOIA appeal and advising the appellant of its right to treat the delay as a denial and seek judicial review by filing a lawsuit in a district court. *See id.* at ¶ 6.12; 43 C.F.R. § 2.32(c). The HSHA has received no such correspondence.

In sum, the Department has failed to comply with the requirements of FOIA, its FOIA regulations, and its internal FOIA policies.

Before pursuing a judicial remedy, and without relinquishing any other legal or factual contentions it may have now or in the future, the HSHA would like to provide the Department with one more opportunity to resolve this issue informally. To that end, please issue a determination resolving the HSHA's third appeal on or before **December 21, 2007,** and instruct the NPS to provide all requested materials within 20 workdays from the date of your determination. Additionally, the NPS should be instructed not to delete or destroy any records related to the General Management Plan. If this appeal has not been resolved by that date, the HSHA will have no choice but to seek judicial intervention.

I look forward to your response. If you have any questions or comments, please contact me at any time.

Sincerely,

Lamon Bollock

Enclosures

Copies: LaRima Lane, U.S. Department of the Interior
        Diane Cooke, FOIA Officer, National Park Service
        Alexandra Mallus, FOIA Officer, Department of the Interior

Darrell R. Strayhorn
U.S. Department of the Interior
December 4, 2007
Page Three

LaRima Lane
FOIA Appeals Office
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

Alexandra Mallus
FOIA Officer
U.S. Department of the Interior
MS-5312, MIB
1849 C Street, NW
Washington, D.C. 20240

Diane Cooke
(Org Code 2550)
Office of the Chief Information Officer
National Park Service
8th Floor
1201 Eye Street, NW
Washington, DC 20005

**JS 44** (Rev. 12/07) (cand rev 1-16-08)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
HIGH SIERRA HIKERS ASSOCIATION

**(b)** County of Residence of First Listed Plaintiff  Alameda County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, CA  94105-2482
Telephone: (415) 268-7000

## DEFENDANTS
UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, SEQUOIA & KINGS CANYON NATIONAL PARKS

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. 552; 5 U.S.C. 706; 28 U.S.C. 2412
Brief description of cause:
Violations of the Freedom of Information Act and Administrative Procedure Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Injunction and Costs    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  2/22/08    SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com