ALISON M. TUCHER (CA SBN 171363)
 (Email: ATucher@mofo.com)
BROOKS M. BEARD (CA SBN 181271)
 (Email: BBeard@mofo.com)
JAMON L. BOLLOCK (CA SBN 221513)
 (Email: JBollock@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
HIGH SIERRA HIKERS ASSOCIATION

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7322
Facsimile: (415) 436-6748
 (Email:  michael.t.pyle@usdoj.gov)

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGH SIERRA HIKERS ASSOCIATION, | Case No.   C-08-1079-SC |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Date: June 13, 2008<br>Time: 10:00 a.m. |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, AND SQUOIA AND KINGS CANYON NATIONAL PARKS, | Ctrm: One |
| | **Hon. Samuel Conti** |
| Defendants. | |

1    JOINT RULE 26(f) REPORT

2    Plaintiff High Sierra Hikers Association ("Plaintiff") and Defendants U.S. Department of
3    the Interior, National Park Service, and Sequoia and Kings Canyon National Parks ("Federal
4    Defendants") submit the following joint report pursuant to Rule 26(f) of the Federal Rules of
5    Civil Procedure.  Plaintiff and Defendants are collectively referred to as the "Parties."

6    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in accordance with
7    this Court's Order Setting Initial Case Management Conference and ADR Deadlines, the Parties
8    held a teleconference on May 14, 2008.  The Parties were represented on the call by:

9    - Plaintiff High Sierra Hikers Association:  Brooks Beard and Jamon Bollock, Morrison &
10     Foerster LLP
11   - Federal Defendants:  Michael T. Pyle, United States Attorney's Office, Northern District
12     of California

13   1.  <u>Nature of the Case</u>:  Plaintiff claims violations of the Freedom of Information Act
14   ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

15   2.  <u>Progress in the service of process</u>:  Plaintiff has properly served all Defendants.

16   3.  <u>Possible joinder of additional parties</u>:  Plaintiff does not presently anticipate
17   joining additional parties, but reserves the right to do so upon receiving information that warrants
18   the naming of additional parties.

19   4.  <u>Any expected or desired amendment of pleadings</u>:  The Parties believe it is
20   unlikely that any amendments to the pleadings will be necessary in this case, but reserve the right
21   to do so upon receiving information that warrants amendment of the pleadings.

22   5.  <u>Jurisdiction and venue</u>:  The Parties consent to the jurisdiction and venue of this
23   Court.

24   6.  <u>Anticipated motions and the scheduling of motions</u>:  Given Federal Defendants'
25   planned production of documents responsive to Plaintiff's FOIA request, no motions are
26   anticipated at this time.  Depending on the timing and scope of that production, the Parties may
27   file discovery or summary judgment motions.

28

1       7.      Anticipated discovery and the scheduling of discovery: The Parties respond to the
2  requirements of Federal Rule of Civil Procedure 26(f)(3) as follows:
3           *(A)    what changes, if any, should be made in the timing, form, or*
4           *requirement for disclosures under Rule 26(a), including a statement*
5           *as to when disclosures under Rule 26(a)(2) were made or will be*
6           *made*
7       The Parties do not believe that disclosures under Rule 26(a) are either appropriate or
8  necessary in this case because it is based in substantial part on an administrative record.
9           *(B)    the subjects on which discovery may be needed, when*
10          *discovery should be completed, and whether discovery should be*
11          *conducted in phases or be limited to or focused on particular issues*
12      The Parties do not believe that discovery is necessary at this time because this case may
13 be resolved by motions practice based on the existing administrative record.  Plaintiff contends,
14 however, that discovery may be necessary after Federal Defendants have provided an index of
15 documents withheld by the Federal Defendants.  Such discovery would focus on whether the
16 Federal Defendants have properly withheld documents.  The Federal Defendants contend that
17 discovery is inappropriate in this case and reserve the right to resist any discovery requests served
18 by Plaintiff.
19          *(C)    any issues about disclosure or discovery of electronically*
20          *stored information, including the form or forms in which it should*
21          *be produced*
22      The Parties discussed basic issues relating to the preservation and production of records
23 held by Federal Defendants, including the preservation and production of electronic records.  The
24 Parties will continue to meet and confer on issues related to the preservation and production of
25 hard copy and electronic records to determine how such records should be produced, whether
26 metadata may be relevant as to electronic records, whether backup tapes should be reviewed and
27 records produced in this case, and the format in which all records will be produced. If the Parties
28

1  cannot resolve these issues through the meet and confer process, they will seek the Court's
2  guidance.

3        *(D)     any issues about claims of privilege or of protection as trial-*
4             *preparation materials, including — if the parties agree on a*
5             *procedure to assert these claims after production — whether to ask*
6             *the court to include their agreement in an order*

7       The Parties do not currently anticipate that privilege claims will be an issue, nor that there
8  will be any need for a protective order in this case. If the Parties determine that a protective order
9  is warranted, they will meet and confer and, if possible, present to the Court a proposed protective
10 order.

11       *(E)     what changes should be made in the limitations on*
12            *discovery imposed under these rules or by local rule, and what*
13            *other limitations should be imposed*

14      At this point, the Parties do not anticipate the need to change any limitations on discovery
15 imposed by the Federal Rules of Civil Procedure or Local Rules. If the Parties determine that
16 changes are warranted, the Parties will meet and confer in good faith regarding such changes. If
17 the Parties are unable to resolve the issue informally, they will seek the Court's guidance.

18       *(F)     any other orders that the court should issue under Rule*
19            *26(c) or under Rule 16(b) and (c)*

20      At this time, the Parties do not anticipate that any other orders should be issued by the
21 Court under Rule 26(c) or Rule 16(b) and (c). Should any party desire any other order, the will
22 seek the Court's guidance at that time.
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: May 30, 2008 | ALISON M. TUCHER |
| 3 | | BROOKS M. BEARD<br>JAMON L. BOLLOCK<br>MORRISON & FOERSTER LLP |

By: _____/s/_____
Jamon L. Bollock

Attorneys for Plaintiff
HIGH SIERRA HIKERS ASSOCIATION

Dated: May 30, 2008        JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

By: _____/s/_____
Michael T. Pyle
Assistant United States Attorney

Attorneys for Federal Defendants
UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.