JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7322
    Facsimile:  (415) 436-6748
    Email: michael.t.pyle@usdoj.gov

Attorneys for Federal Defendants

ALISON M. TUCHER (CSBN 171363)
(Email: ATucher@mofo.com)
BROOKS M. BEARD (CSBN 181271)
(Email: BBeard@mofo.com)
JAMON L. BOLLOCK (CSBN 221513)
(Email: JBollock@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, California, 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HIGH SIERRA HIKERS ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | No. C 08-1079 SC <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

    Plaintiff, High Sierra Hikers Association ("HSHA" or "Plaintiff"), and defendants, the United States Department of the Interior ("DOI"), National Park Service ("NPS") and Sequoia and

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C08-1079 SC                                     -1-

Kings Canyon National Parks ("SEKI") (collectively, "Federal Defendants"), by and through their undersigned counsel, hereby submit the following Joint Case Management Conference Statement pursuant to Civil Local Rule 16-9:

1. <u>Jurisdiction and Service</u>:   This is an action arising under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA"), over which this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties agree that personal jurisdiction, venue, and service are not at issue.

2. <u>Facts</u>: On March 23, 2005, Plaintiff requested certain documents from the Federal Defendants pursuant to FOIA.  The Federal Defendants responded to Plaintiff's FOIA request on March 3, 2006.  Believing that the response failed to meet the requirements of FOIA in several respects, Plaintiff filed an administrative appeal on March 31, 2006.  Since that time, Plaintiff has requested Federal Defendants to resolve its administrative appeal.  Plaintiff contends that the Federal Defendants did not resolve the administrative appeal and have not produced all of the documents to which Plaintiff is entitled pursuant to its FOIA request.  Plaintiff filed suit on February 22, 2008.  The Federal Defendants are in the process of reviewing thousands of documents potentially responsive to Plaintiff's FOIA request and anticipate making an additional production of documents along with a *Vaughn* index in the near future.

3. <u>Legal Issues</u>:

<u>Plaintiff</u>: Plaintiff contends that this case presents two primary legal issues:

a. Whether Federal Defendants violated FOIA, based on allegations that they did not: (I) timely produce the requested records; (ii) state whether the produced documents constituted all responsive records or whether records were being withheld; (iii) perform a proper search for records; (iv) properly withhold documents; (v) provide reasonably segregable portions of responsive records; and (vi) timely respond to Plaintiff's administrative appeal.

b. Whether Federal Defendants failed to comply with the APA by violating FOIA.

<u>Federal Defendants</u>: The Federal Defendants deny that any one of them has violated any provision in FOIA or the APA.

1  4. <u>Motions</u>: The parties may file cross-motions for summary judgment on the issue of the
2  propriety of the Federal Defendants invocation of one or more FOIA exemptions. At this time the
3  parties do not anticipate any other motions.
4  5.  <u>Amendment of Pleadings</u>: The parties believe it is unlikely that any amendments to the
5  pleadings will be necessary in this case.
6  6. <u>Evidence Preservation</u>: The parties have taken affirmative steps to preserve documents and
7  evidence related to this action.
8  7. <u>Disclosures</u>: The parties do not believe initial disclosures are either appropriate or necessary
9  in this case since they expect it to be resolved by motion practice based on the existing
10 administrative record.
11 8.  <u>Discovery</u>: The Parties do not believe that discovery is necessary at this time because this
12 case may be resolved by motions practice based on the existing administrative record.  Plaintiff
13 contends, however, that discovery may be necessary after Federal Defendants have provided an
14 index of documents withheld by the Federal Defendants.  Such discovery would focus on
15 whether the Federal Defendants have properly withheld documents.  The Federal Defendants
16 contend that discovery is inappropriate in this case and reserve the right to resist any discovery
17 requests served by Plaintiff.
18 9.  <u>Class Actions</u>:  Not applicable.
19 10. <u>Related Cases</u>: None.
20 11. <u>Relief</u>:
21    <u>Plaintiff</u>: Plaintiff requests declaratory relief, injunctive relief, and an award of costs and
22 reasonable attorneys' and experts' fees.
23    <u>Federal Defendants OMB</u>: The Federal Defendants seek dismissal of this action and the
24 assessment of costs.
25 12. <u>Settlement and ADR</u>: The parties have requested an Early Settlement Conference with a
26 Magistrate Judge.  The parties are scheduled to discuss that request with the Court's ADR office
27 on June 11, 2008 at 9:30 a.m.
28 //

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C08-1079 SC                                    -3-

1  13. <u>Consent to Magistrate Judge for All Purposes</u>:   The parties do not consent to have this matter heard by a magistrate judge for all purposes.

14. <u>Other References</u>: Neither party requests any reference.

15. <u>Narrowing of Issues</u>: None at this time.

16. <u>Expedited Schedule</u>: The parties believe that this case will proceed without discovery or initial disclosures and will be resolved through motion practice on the existing administrative record.

17. <u>Scheduling</u>: The parties request that the Court schedule a further status conference to take place following the Early Settlement Conference with a magistrate judge.

18. <u>Trial</u>: The parties believe that this case will be resolved through motion practice on the existing administrative record and that no trial will be necessary.  The parties thus submit that the Court should defer setting a trial date in this matter and request that the Court hold a status conference to select a trial date at such time as the Court determine that one or more issues need to be tried.  The parties agree that any trial in this matter would be a bench trial.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff filed its certification of interested entities or persons pursuant to Civil L.R 3-16 on February 29, 2008 and certified that it has no interest to report beyond the named parties in this litigation.  Civil L.R. 3-16 does not apply to the Federal Defendants by the terms of that rule.

                                          Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

Dated: June 5, 2008                     _____/s/_____
                                          MICHAEL T. PYLE
                                          Assistant United States Attorney
                                          Attorneys for Federal Defendants

///

///

C08-1079 SC                                         -4-

|   |   |
|---|---|
|   | ALISON M. TUCHER |
|   | BROOKS M. BEARD |
|   | JAMON L. BOLLOCK |
|   | MORRISON & FOERSTER LLP |
| Dated: June 5, 2008 | _____/s/_____ |
|   | JAMON L. BOLLOCK |
|   | Attorneys for Plaintiff |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C08-1079 SC                              -5-