JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone:  (415) 436-7322
Facsimile:  (415) 436-6748
Email:  Michael.T.Pyle@usdoj.gov

Attorneys for UNITED STATES DEPARTMENT OF THE
INTERIOR, NATIONAL PARKS SERVICE, and SEQUOIA
AND KINGS CANYON NATIONAL PARKS


BROOKS M. BEARD (CSBN 181271)
(Email: BBeard@mofo.com)
ANGELA E. KLEINE (CSBN 255643)
(Email:  AKleine@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff
HIGH SIERRA HIKERS ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HIGH SIERRA HIKERS ASSOCIATION,<br><br>                          Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>                          Defendants. | Case No.   C 08-1079 SC<br><br>**STIPULATION AND AGREEMENT REGARDING SETTLEMENT AND [PROPOSED] ORDER**<br><br>Ctrm:   1<br>Judge:   Honorable Samuel Conti |

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION AND AGREEMENT REGARDING SETTLEMENT (hereinafter, "Agreement"):

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The parties to this Agreement are Plaintiff High Sierra Hikers Association ("Plaintiff"), on the one hand, and Defendants United States Department of the Interior, National Park Service and Sequoia & Kings Canyon National Parks (collectively, "Defendants"), on the other hand. Plaintiff and the Defendants are collectively referred to as "the Parties" and individually as a "Party."

2. On February 22, 2008, Plaintiff filed this lawsuit (the "Action"), asserting claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and seeking, among other things, access to requested government records and attorneys' fees.

3. To avoid the need for further litigation and associated costs, Plaintiff and Defendants hereby agree to settle the Action under the terms and conditions set forth herein. This Agreement does not constitute an admission of liability, fault, or fact by any Party.

4. Except for any breach of this Agreement, Plaintiff and its successors or assigns hereby forever release, remise, and discharge Defendants from any and all claims, demands, and causes of action expressly asserted in the Action by Plaintiff. This release does not extend to any claims, demands, or causes of action that Plaintiff did not expressly assert in the Action, including, by way of example only, any claims, demands, or causes of action Plaintiff may have against Defendants or others for violations of the National Environmental Policy Act, any other FOIA request or appeal other than that at issue in the Action, or any other federal or state statute relating to activities that were the subject of the FOIA request at issue in the Action.

5. Except for any breach of this Agreement, Defendants and their successors or assigns hereby forever release, remise, and discharge Plaintiff from any and all claims, demands, and defenses expressly asserted in the Action by Defendants. This release does not extend to any claims, demands, or defenses that Defendants did not expressly assert in the Action, including, by

way of example only, any claims, demands, or defenses Defendants may have in response to any claims, demands, or causes of action brought by Plaintiff against Defendants or others for violations of the National Environmental Policy Act, or any other federal or state statute relating to activities that were the subject of the FOIA request at issue in the Action.

6. California Civil Code Section 1542 provides, "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Parties, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of each Party's own choosing, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights each Party may have pursuant to the provision of that statute and any similar provision of federal law. The Parties understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by each Party to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference. To avoid any doubt, the general waiver in this paragraph does not extend to any claims that any Party did not expressly assert in the Action, including, by way of example only, any claims, demands, or causes of action any Party may have against any other Party or others for violations of the National Environmental Policy Act, any other FOIA request or appeal other than that at issue in the Action, or any other federal or state statute relating to activities that were the subject of the FOIA request at issue in the Action.

7. In exchange for the agreements set forth herein, Defendants agree to pay to Plaintiff the sum of Twenty-Five Thousand Dollars and No Cents ($25,000) (the "Settlement Payment"). The Settlement Payment will be made by wire transfer or other electronic means to a bank account to be designated in writing by Plaintiff's counsel.

8. The Settlement Payment shall be made by Defendants to Plaintiff within 30 calendar days after the Court approves this Agreement.

9. In consideration of the Settlement Payment and the other terms of this Agreement, within five court days after receipt of the Settlement Payment by Plaintiff, Plaintiff and Defendant

STIPULATION AND AGREEMENT REGARDING SETTLEMENT AND DISMISSAL; PROPOSED ORDER           2
sf-2674553

1  shall execute, and Plaintiff shall file with the Court, the accompanying Stipulation for Dismissal
2  with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in the Action
3  consistent with the scope of the releases set forth above in Paragraphs 4 and 5.  The Stipulation
4  for Dismissal with Prejudice shall reference and incorporate this Agreement, including, without
5  limitation, the releases set forth above in Paragraphs 4 and 5.

6        10.    The Parties agree that the Settlement Payment represents the entire amount of the
7  settlement and that the Parties will each be responsible for their own costs, fees, and expenses
8  incurred in the Action and in connection with negotiating this Agreement.

9        11.    This Agreement constitutes the entire agreement between the Parties, and it is
10  expressly understood and agreed that this Agreement has been freely and voluntarily entered into
11  by the Parties.  The Parties further acknowledge that no warranties or representations have been
12  made on any subject other than as set forth in this Agreement.

13        12.    This Stipulation and Agreement may not be altered, modified or otherwise
14  changed in any respect except by writing, duly executed by all of the Parties or their authorized
15  representatives.

16        13.    If any withholding or income tax liability is imposed upon Plaintiff based on
17  payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying
18  any such liability.

19        14.    The Parties agree that the District Court shall retain jurisdiction over this matter
20  for the purposes of resolving any dispute that may arise alleging a breach of this Agreement.

21        15.    The Parties acknowledge that they have all participated in the drafting of this
22  Agreement and it is agreed that no provision herein shall be construed against any Party hereto on
23  the basis that it alone drafted such provision.

24        16.    This Agreement may be signed in counterparts, and any signature on a signature
25  page transmitted by facsimile or by PDF shall be treated the same as an original signature and
26  shall be deemed binding and fully effective.

27
28

STIPULATION AND AGREEMENT REGARDING SETTLEMENT AND DISMISSAL; PROPOSED ORDER    3
sf-2674553

17. The Parties further agree that the filing of this Agreement shall constitute notice to the Court that the Parties agree, and respectfully request, that the Court vacate all pending discovery, hearing dates, pretrial deadlines, and any trial date associated with the Action.

18. The Parties acknowledge that the individuals signing below on each Party's behalf is fully authorized to do so.

Respectfully submitted,

Dated: July 9, 2009   JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

By: /s/ *Michael T. Pyle*
MICHAEL T. PYLE
Assistant United States Attorney

Attorneys for UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARKS SERVICE, and SEQUOIA AND KINGS CANYON NATIONAL PARKS

Dated: July 9, 2009   BROOKS M. BEARD
ANGELA KLEINE
MORRISON & FOERSTER LLP

By: /s/ *Brooks M. Beard*
BROOKS M. BEARD

Attorneys for HIGH SIERRA HIKERS ASSOCIATION

**ORDER**

FOR GOOD CAUSE SHOWN, the Court accepts and approves the terms and conditions of the Parties' Agreement Regarding Settlement and Dismissal.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 10, 2009

_____
HON.
United States District Judge

*[Signature stamp: IT IS SO ORDERED / Judge Samuel Conti / United States District Court Northern District of California]*

**ATTESTATION OF E-FILED SIGNATURE**

I, Angela E. Kleine, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with General Order 45, X.B., I hereby attest that Brooks M. Beard and Michael T. Pyle have concurred in this filing.

Dated:   July 9, 2009            MORRISON & FOERSTER LLP

By:   */s/ Angela E. Kleine*